TRACY L. WILKISON
Acting United States Attorney
BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/General Crimes Section
1100/1200 United States Courthouse
312 North Spring Street
Los Angeles, California 90012
Telephone: (213) 894-0102/1785
Facsimile: (213) 894-6269/0141
E-mail: Andrew.Brown@usdoj.gov
Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY) and KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

CHARLES COE,

Plaintiff,

v.

UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),

Defendants.

Case No. 2:21-cv-3019-RGK-MAR

**DEFENDANTS UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY) AND KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)'S EX PARTE APPLICATION TO STRIKE PLAINTIFF CHARLES COE'S NOTICE OF MOTION AND MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) FILED MAY 5, 2021 [DOCKET NO. 25] OR, IN THE ALTERNATIVE, TO CONTINUE THE HEARING ON THE MOTION TO MONDAY, JULY 26, 2021 AT 9:00 A.M.; [PROPOSED] ORDER GRANTING EX PARTE APPLICATION LODGED UNDER SEPARATE COVER**

**EX PARTE APPLICATION**

Pursuant to Local Rule 7-19, Defendants United States of America, Tracy L. Wilkison (official capacity) and Kristi Koons Johnson (official capacity) (collectively, "the government") move ex parte to strike plaintiff Charles Coe's notice of motion and motion for return of property pursuant to Fed. R. Crim. P. 41(g) filed May 5, 2021 (docket no. 25) or, in the alternative, to continue the hearing on the motion to Monday, July 26, 2021 at 9:00 a.m.

On May 10, 2021, the government notified plaintiff Charles Coe's counsel by email of the government's intention to file this ex parte application, and further notified plaintiff's counsel that any opposition to the ex parte application was due by 3:00 p.m. on the first business day after this ex parte application was filed. Brown Decl. ¶ 2. Plaintiff's attorneys are Benjamin N. Gluck, Nicole R. Van Dyk, Ashley D. Bowman and Naomi S. Solomon, Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Licenberg & Rhow, P.C., 1875 Century Park East, 23rd Floor, Los Angeles, California 90067-2561, Telephone: (310) 201-2100, Facsimile: (310) 201-2110, email: bgluck@birdmarella.com, nvandyk@birdmarella.com, abowman@birdmarella.com and nsolomon@birdmarella.com. In response, Plaintiff's attorney advised that Plaintiff opposed the ex parte application. Brown Decl. ¶ 2.

This ex parte application is based upon the attached memorandum of points and authorities and declaration of Andrew Brown; the proposed order granting the ex parte application (lodged under separate cover); all pleadings and papers on file in this action; and such other and further matters as may be presented at any

/ / /

hearing on this ex parte application, and matters of which the Court may take notice.

Dated: May 10, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s Andrew Brown

ANDREW BROWN
MAXWELL COLL
Assistant United States Attorney

Attorneys for Defendants
UNITED STATES OF AMERICA,
TRACY L. WILKISON (OFFICIAL CAPACITY)
and KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**INTRODUCTION**

Defendants United States of America, Tracy L. Wilkison (official capacity) and Kristi Koons Johnson (official capacity) (collectively, "the government") submit this memorandum of points and authorities in support of their ex parte application to strike plaintiff Charles Coe's notice of motion and motion for return of property pursuant to Fed. R. Crim. P. 41(g) filed May 5, 2021 (docket no. 25) or, in the alternative, to continue the hearing on the motion to Monday, July 26, 2021 at 9:00 a.m. Plaintiff Charles Coe ("plaintiff") has set the motion for hearing on June 7, 2021, meaning the government's opposition to the motion would be due May 17, 2021. For the reasons set forth below, the government respectfully requests that plaintiff's motion be stricken or, in the alternative, that the hearing date on the motion be continued to July 26, 2021 at 9:00 a.m., which would automatically continue the government's date to respond to the motion to Friday, July 2, 2021.

**II.**

**STATEMENT OF FACTS**

On April 7, 2021, plaintiff filed a complaint for the return of property pursuant to Fed. R. Crim. P. 41(g) and unlawful search and seizure in violation of the Fourth and Fifth Amendments. Docket No. 1. In addition, and in conformity with the Federal Rules of Civil Procedure, plaintiff had a summons issued providing that the government's time to respond to the complaint was 60 days from the date the complaint was served. Docket Nos. 10-12 and Fed. R. Civ. P. 12(a)(2) ("Time to serve a responsive pleading. The United States, a

United States agency, or a United States officer or employee sued only in an official capacity must serve an answer to a complaint, counterclaim, or crossclaim within 60 days after service on the United States attorney").

Because the April 7, 2021 complaint seeking the return of property pursuant to Fed. R. Crim. P. 41(g) was served on the government on April 21, 2021 [Brown Decl. ¶ 3], the government's response to the Complaint, which must be either an answer [see Fed. R. Civ. P. 12(a)(1)(A)] or a motion to dismiss [see Fed. R. Civ. P. 12(b)], is therefore due Monday, June 21, 2021. The government currently anticipates it will be filing a motion to dismiss the complaint on June 21, 2021.

On May 5, 2021, plaintiff filed a motion which, like plaintiff's April 7, 2021 complaint, seeks the return of property pursuant to Fed. R. Crim. P. 41(g). Docket Nos. 1 and 25. Plaintiff has set the hearing on the motion for June 7, 2021, meaning that the government's response is due May 17, 2021 [see Local Rule 7-9, providing that oppositions are due 21 days before the hearing date], or long before the June 21, 2021 deadline for the government to respond to plaintiff's complaint seeking the return of property pursuant to Fed. R. Crim. P. 41(g).

As set forth below, plaintiff's request to have the government respond to the motion by May 17, 2021 is contrary to Ninth Circuit law. First, Ninth Circuit authority plainly provides that the Federal Rules of Civil Procedure apply to all aspects of proceedings where, as here, a plaintiff via a complaint or a movant via a motion seeks the return of property pursuant to Fed. R. Crim. P. 41(g). Accordingly, plaintiff's motion, which seeks relief under a Federal

Rule of Criminal Procedure (namely Fed. R. Crim. P. 41(g)) and not the Federal Rules of Civil Procedure is entirely improper and should be stricken.

Should the Court decline to strike plaintiff's motion, the government respectfully requests in the alternative that the hearing on plaintiff's motion be continued to July 26, 2021, so that the government's response thereto would be due Friday, July 3, 2021 (i.e., 60 days after plaintiff served the motion on May 5, 2021 and 24 days before the July 26, 2021 hearing date). As set forth below, the Ninth Circuit and cases within the Ninth Circuit hold that Fed. R. Crim. P. 41(g) motions must be treated like a complaint, that the Federal Rules of Civil Procedure apply to all aspects of a Fed. R. Crim. P. 41(g) proceeding, that Fed. R. Crim. P. 41(g) motions must be served like a complaint, and that Fed. R. Civ. P. 12(a) requires that the government be given 60 days after a plaintiff or movant serves a Fed. R. Crim. P. 41(g) motion (like Plaintiff's motion here) to respond thereto.

## III.

## ARGUMENT

Fed. R. Crim. P. 41(g) motions are only appropriate where the return of property is sought and no criminal action seeking forfeiture of the property is pending nor have civil forfeiture proceedings against the property been instituted. See United States v. $8,850, 461 U.S. 555, 569-70 (1983) (recognizing such motions under former Fed. R. Crim. P. 41(e)). Because such a movant has no other available forum in which to address a grievance, the motions are treated as equitable civil actions. United States v. Martinson, 809 F.2d 1364, 1367 (9th Cir. 1987).

Ninth Circuit caselaw holds that district courts are required to treat such a Fed. R. Crim. P. 41(g) motion as a civil complaint governed by the Federal Rules of Civil Procedure. United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir. 2008) ("Because there were no criminal proceedings pending at the time of filing, the District Court properly treated the motion as a civil complaint governed by the Federal Rules of Civil Procedure") (citation omitted); United States v. Ritchie, 342 F.3d 903, 906-07 (9th Cir. 2003). Most critically, once district courts treat the Fed. R. Crim. P. 41(g) motion "as a *civil* complaint, . . . it [is] required to apply the Federal Rules of Civil Procedure. These rules apply to each stage of the proceedings, the same way they would in the civil context." Ibrahim, 522 F.3d at 1008 (citation omitted and italicized emphasis in original and underscored emphasis added).

Other Ninth Circuit cases and district courts within the Ninth Circuit applying Ninth Circuit law have consistently reached the same result. Kardoh v. United States, 572 F.3d 697, 702 (9th Cir. 2009) (instructing the district court that "[b]ecause there were no criminal proceedings pending, the motion [for return of property pursuant to Fed. R. Crim. P. 41(g)] should have been treated as a civil complaint governed by the Federal Rules of Civil Procedure")(citations omitted); United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003) ("the district court was required to treat the motion [under Fed. R. Crim. P. 41] as a complaint governed by the Federal Rules of Civil Procedure"); In Re Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743, *2 (C.D. Cal. May 30, 2013) ("All pertinent authority indicates that a Rule 41(g) motion must be treated as a civil complaint. Accordingly, the Federal Rules of

Civil Procedure apply")(emphasis in original); Cromwell v. United States, 2013 WL 323261, *2 (N.D. Cal. Jan. 28, 2013) ("As defendants argue, the Ninth Circuit has made clear that, where there is no pending criminal proceeding, a Rule 41(g) motion must be considered a civil complaint and the Federal Rules of Civil Procedure are applicable").

In compliance with this rule, courts consistently hold that a Fed. R. Crim. P. 41(g) motion, which has to be treated as a complaint, must be served like a complaint in accordance with Fed. R. Civ. P. 4. See, e.g., Cromwell v. United States, 2013 WL 323261, *2 (N.D. Cal. Jan. 28, 2013) (Fed. R. Crim. P. 41(g) motion for return of property must be served on the government pursuant to Fed. R. Civ. P. 4 like a complaint: "the Court agrees with Defendants that service of Plaintiffs' motion/complaint should be effected in accordance with Rules 4(i)(1) and 12(a)(2) [of the Federal Rules of Civil Procedure]"); Tucker v. United States, 2014 WL 7506803, *1 (C.D. Cal. Dec. 15, 2014) ("this Court is obligated to ensure that the government is served in accordance with Rule 4(i) before proceeding to the merits of Plaintiffs' [Fed. R. Crim. P. 41(g)] motion") (citations omitted); In Re Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743 (C.D. Cal. May 30, 2013) (same).

The cases also consistently hold that once the Fed. R. Crim. P. 41(g) complaint or motion is properly served, the government has 60 days to respond thereto pursuant to Fed. R. Civ. P. 12(a)(2), meaning that plaintiff's motion requiring the government to respond by May 17, 2021 is improper. In Re Seizure of $958,921 Worth of LED Televisions, 2013 WL 3490743, *2 (C.D. Cal. May 30, 2013) (noting that Fed. R. Crim. P. 41(g) motion "required the Government to

respond . . . well short of the 60 days the Government has to respond to complaints. . . . The Government shall have 60 days to respond following proper service in the form of whatever answer or motion it deems appropriate") (footnote omitted); Tucker v. United States, 2014 WL 7506803, *2 (C.D. Cal. Dec. 15, 2014) (continuing the hearing on plaintiff's Fed. R. Crim. P. 41(g) motion for return of property, and ordering the government "to file any further opposition to Plaintiff's motion within 60 days of service").

Indeed, the Ninth Circuit cases also illustrate that the Federal Rules of Civil Procedure govern all aspects of complaints or motions for return of property filed pursuant to Fed. R. Crim. P. 41(g). Kardoh v. United States, 572 F. 3d 697, 702 (9th Cir. 2009) (treating government's opposition to Fed. R. Crim. P. 41(g) motion as a motion for summary judgment pursuant to the Federal Rules of Civil Procedure); Ibrahim, 522 F.3d at 1008 (same). Likewise, the Federal Rules of Criminal Procedure themselves show that plaintiff's Fed. R. Crim. P. 41(g) motion has no place in this civil case. Fed. R. Crim. P. 1(a)(1) ("These rules govern the procedure in all criminal proceedings in the United States district courts, the United States courts of appeals, and the Supreme Court of the United States") (emphasis added).

Plaintiff's multiple Fed. R. Crim. P. 41(g) complaint filings (i.e., the April 7, 2021 complaint and then the May 5, 2021 motion that is treated as a complaint or a first amended complaint) would be similar to a plaintiff filing a Fed. R. Crim. P. 41(g) motion (which is treated as a complaint and requires that the government be given 60 days to respond thereto), and then the day after the motion was filed filing a second Fed. R. Crim. P. 41(g) motion and setting the

motion for hearing in 28 days pursuant to the Local Rules, in an effort to require the government to respond 7 days after the second motion was filed. That result is not consistent with the authorities discussed above. As mentioned above, the government's deadline to file an answer or motion to dismiss the April 7, 2021 complaint will expire June 21, 2021, and the government will file its pleading by that date.

In summary, Plaintiff has filed a motion pursuant to Fed. R. Crim. P. 41(g). The Ninth Circuit has ruled that the Federal Rules of Civil Procedure apply to all aspects of this type of case, and there is no provision within the Federal Rules of Civil Procedure for the filing of a motion pursuant to a Federal Rule of Criminal Procedure. There are ample procedures for plaintiff to litigate plaintiff's claims pursuant to the Federal Rules of Civil Procedure, and there is no reason plaintiff should be using procedures unavailable to any other litigants in civil cases.

In the alternative, the government respectfully requests that the hearing on plaintiff's Fed. R. Crim. P. 41(g) motion be continued to July 26, 2021 at 9:00 a.m., so that the government's opposition would be due Friday, July 2, 2021 (i.e., 24 days, and therefore more than 21 days before the hearing date[1] and 60 days after plaintiff served her May 5, 2021 motion). See Local Rule 7-11 (the continuance of a hearing date automatically continues the due date for opposition

/ / /

/ / /

/ / /

[1] Monday, July 5, 2021 is a holiday, making July 2 the due date.

and reply papers to 21 and 14 days, respectively, preceding the new hearing date).

Dated: May 10, 2021

Respectfully submitted,

TRACY L. WILKISON
Acting United States Attorney

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

/s Andrew Brown
________________________________
ANDREW BROWN
MAXWELL COLL
Assistant United States Attorneys

Attorneys for Defendants
UNITED STATES OF AMERICA,
TRACY L. WILKISON (OFFICIAL CAPACITY)
and KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)

**DECLARATION OF AUSA ANDREW BROWN**

I, Andrew Brown, declare as follows:

1. I am the Criminal Assistant United States Attorney assigned to the investigation around U.S. Private Vaults.

2. On May 10, 2021, I notified plaintiff's counsel (Benjamin N. Gluck, Esq. and the other attorneys at Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Licenberg & Rhow, P.C. of record in this case) by email of the government's intention to file this ex parte application to strike plaintiff Charles Coe's notice of motion and motion for return of property pursuant to Fed. R. Crim. P. 41(g) filed May 5, 2021 (docket no. 25) or, in the alternative, to continue the hearing on the motion to Monday, July 26, 2021 at 9:00 a.m. In addition, I advised plaintiff's counsel in the email that any opposition to the ex parte application was due by 3:00 p.m. the first business day after the ex parte application was filed. In response, Benjamin Gluck stated in an email that Plaintiff opposed the ex parte application.

3. According to the government's internal records, the Complaint in this action was served on the government on April 21, 2021.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this declaration is executed at Los Angeles, California, on May 10, 2021.

______________ /s Andrew Brown
AUSA ANDREW BROWN