Benjamin N. Gluck - State Bar No. 203997
  bgluck@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
  nvandyk@birdmarella.com
Ashley D. Bowman - State Bar No. 286099
  abowman@birdmarella.com
Naomi S. Solomon - State Bar No. 321357
  nsolomon@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Plaintiff Charles Coe

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARLES COE,<br><br>        Plaintiff,<br><br>        vs.<br><br>UNITED STATES OF AMERICA;<br>TRACY L. WILKISON (OFFICIAL<br>CAPACITY), KRISTI KOONS<br>JOHNSON (OFFICIAL CAPACITY),<br><br>        Defendants. | CASE NO. 2:21-cv-03019-RGK (MAR)<br><br>**OPPOSITION TO DEFENDANTS'<br>*EX PARTE* APPLICATION TO<br>STRIKE PLAINTIFF'S NOTICE OF<br>MOTION AND MOTION FOR<br>RETURN OF PROPERTY OR, IN<br>THE ALTERNATIVE, TO<br>CONTINUE THE HEARING**<br><br>Assigned to Hon. R. Gary Klausner<br><br>Complaint Filed:  April 7, 2021 |

3718359.1

# I.

# INTRODUCTION

The Court should deny the Government's *Ex Parte* Application for at least four reasons: (1) the Government provides no reason why *ex parte* relief is necessary or appropriate here; (2) the Government misconstrues the authority it cites and fails to identify a *single case* supporting its strained and novel creation of a new procedural rule; (3) the Government ignores the significant Due Process hazards that would result from its proposed construction; and (4) the Government ignores Plaintiff's reliance on the Court's inherent equitable power as well as the equitable nature of Rule 41(g) to grant Plaintiff's requested relief.

# II.

# ARGUMENT

### A.   *Ex Parte* Consideration Is Neither Necessary Nor Appropriate.

The Government argues that Plaintiff's motion is procedurally improper, but fails to explain why it cannot make these arguments in a normally-filed opposition to that motion.  Parties regularly oppose motions on procedural grounds and ask the Court to deny motions on those grounds.  This Court's standing order limits *ex parte* applications to instances requiring "extraordinary relief" and the Government has not explained why its arguments here should be considered outside the usual motion procedure and briefing schedule.  *See Mission Power Engineering Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 490-91 (C.D. Cal. 1995) (discussing inherent unfairness and "threat to the administration of justice" posed by *ex parte* applications).  The Application should be denied even on this ground alone.

### B.   The Government Misconstrues The Authority It Cites And Cannot Point To A Single Case Supporting Its Strained Creation of A New Rule.

The Government's novel interpretation of Rule 41 procedure is unsupported and fundamentally flawed.  The Government claims that a request for return of property in a pending civil case – no matter when or how made – always must be

construed as a new or amended civil complaint.  But in support, the Government

cites only cases in which the Rule 41(g) motion at issue *was the first filing that*

*purported to commence the action*.  In those cases, courts properly hold that an

action cannot commence with a "naked motion," but rather must be initiated with a

document that operates as – and is served like – a complaint.  This is because in the

absence of proper service of the initiating pleading, the court has no jurisdiction

over the action:  "Service of process is the vehicle that makes it proper for this Court

to exercise jurisdiction over the dispute and order the government to return

Plaintiffs' property."  *Tucker v. United States*, No. SA CV 14-01795-DOC (DFMx),

2014 WL 7506803 (C.D. Cal. Dec. 15, 2014); *see also United States v.*

*Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1172 (9th Cir. 2010) (where

there are no criminal proceedings against a movant, a Rule 41(g) motion "is in fact a

petition that the district court invoke its civil equitable jurisdiction.") (citing

*Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir. 1993)).

Here, the Government admits that it has been properly served with a

summons and complaint.  The Government filed an appearance in this case (Dkt.

No. 20) *before* Plaintiff filed the instant motion (Dkt. No. 23).  Nothing in the

Federal Rules of Civil Procedure prohibits a plaintiff from filing a motion once the

defendant has been served and has appeared.  That is what Plaintiff has done here.

Each case the Government cites stands merely for the proposition that an

action is not commenced by a motion, but rather, must be commenced by a filing

treated as a complaint.  *See Kardoh v. United States*, 572 F. 3d 697 (9th Cir. 2009)

(Rule 41(g) motion purporting to commence action for return of property is treated

as a civil complaint governed by Federal Rules of Civil Procedure); *United States v.*

*Ibrahim*,522 F. 3d 1003 (9th Cir. 2008) (Rule 41(g) motion commencing action for

return of property is treated as a civil complaint); *United States v. Ritchie*, 342 F.3d

903 (9th Cir. 2003) (same); *Cromwell v. United States*, No. C-13-80002 MISC

EMC, 2013 WL 323261 (N.D. Cal. Jan. 28, 2013) (same); *In re Seizure of $958,921*

3

*Worth of LED Televisions & $14 Worth of Energy Star Stickers*, No. CV 13-2782 GAF (AJWx), 2013 WL 3490743 (C.D. Cal. May 30, 2013) (same).

None of these cases supports what the Government urges the Court to do here: create a special rule *disfavoring* requests for return of property such that plaintiffs seeking to recover their personal property are in a far worse position procedurally than plaintiffs seeking other relief against the Government. Nothing in the cited cases supports so altering the Federal Rules of Civil Procedure to require that every request for return of property – no matter when in the case it is filed – be treated procedurally as an amended complaint that cannot be considered on the merits until months later.[1]

**C.**   **The Government's Fabricated Rule Creates Significant Due Process Hazards And Is Inconsistent With Case Law Recognizing Rule 41(g) As An Expedited Method Of Obtaining Relief.**

The Government's proposed rule would make it impossible for a non-defendant "aggrieved . . . by the deprivation of property" to bring the matter to a hearing for months after a seizure. But, as the Ninth Circuit has repeatedly made clear, even a much shorter deprivation of property has Fourth Amendment ramifications. *See, e.g.*, *Sandoval v. County of Sonoma*, 912 F.3d 509, 515 (9th Cir. 2018) ("30-day impounds . . . are seizures for Fourth-Amendment purposes"); *Brewster v. Beck*, 859 F.3d 1194, 1196 (9th Cir. 2017) ("30-day impound is

---

[1]   Even the Government does not appear to fully accept its own argument. It apparently has no procedural objection to requests for return of property that are styled as applications for temporary restraining orders. *See Doe v. United States*, 21-cv-2803-RGK-MAR (Docket No. 15); *Does 1-6 v. United States*, 21-cv-3254-RGK-MAR (Docket No. 16). Nor does the Government claim that Rule 41(g) motions for return of property must comply with the formatting requirements for complaints set forth in Fed. R. Civ. P. 8 and 10. This is because the case law is clear that Rule 41(g) motions are treated as complaints *only for purposes of service and obtaining jurisdiction, i.e., when they are filed to commence an action*.

3718359.1

1  Fourth-Amendment seizure because a seizure is any 'meaningful interference with
2  an individual's possessory interests in [his] property'") (quoting *Soldal v. Cook*
3  *County*, 506 U.S. 56, 61 (1992)).  The Government's proposed rule – in
4  unnecessarily adding almost two months to every Rule 41(g) briefing schedule –
5  would raise serious due process concerns.  It would be impossible for an aggrieved
6  party to obtain Rule 41 relief without first suffering significant *additional* injury—
7  injury for which the party could not obtain compensation.  *Ordonez v. United States*,
8  680 F.3d 1135, 1140 (9th Cir. 2012) ("[E]ven when it results in a wrong without a
9  remedy, the federal courts are without jurisdiction to award money damages against
10  the government under Rule 41(g) until Congress tells [the court] otherwise.").

11      The due process "default" is that a party should have a hearing before being
12  deprived of property.  *See Fuentes v. Shevin*, 407 U.S. 67, 81-82 (1972).  But, at a
13  minimum, due process "requires that the party whose property is taken be given an
14  opportunity for some kind of . . . prompt post-deprivation hearing." *Commissioner*
15  *of Internal Revenue v. Shapiro*, 424 U.S. 614, 629 (1976) (emphasis added).

16      Courts consistently have relied on Rule 41(g) to provide precisely this kind of
17  prompt procedure, thereby alleviating due process concerns posed by other, slower
18  methods of relief.  For example, in the recent decision in *Serrano v. Customs &*
19  *Border Patrol, U.S. Customs & Border Prot.*, 975 F.3d 488 (5th Cir. 2020), *cert.*
20  *denied*, No. 20-768, 2021 WL 1520791 (U.S. Apr. 19, 2021), the court rejected an
21  argument that due process requires a prompt post-seizure hearing in forfeiture cases
22  by noting that the claimant instead could file a Rule 41(g) motion "to force the
23  government agency to act expeditiously." *Id.* at 499 (quoting *Muhammed v. DEA*
24  *Asset Forfeiture Unit*, 92 F.3d 648, 651-52 (8th Cir. 1996)).  As the court explained,
25  Rule 41(g) provides a claimant with the "the availability of a *prompt* merits
26  determination." *Id.* (emphasis added); *see also United States v. Eight Thousand*
27  *Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 568-69
28  (1983) (rejecting a due process challenge to the Government's delay in filing a civil

forfeiture action by noting that the claimant instead could have sought review through a Rule 41(g) motion); *United States v. Eight Thousand Eight Hundred & Fifty Dollars ($8,850) in U.S. Currency*, 461 U.S. 555, 569 (1983) (noting that claimant could have received an early judicial hearing had he filed a Rule 41(g) motion).

If the Government were right in its reading of the procedural rules here, Rule 41(g) never could provide prompt relief.  On the contrary, the rule would work only to exacerbate the same due process problems the Supreme Court has stated it should alleviate: under the Government's theory, Rule 41(g) could provide a remedy *only after* subjecting the movant to *additional months* of Fourth-Amendment injury.

No court has imposed the rule the Government demands here and this Court should not accept the Government's invitation to be the first to wade into the due process concerns it would present.  *Cf. Alemendarez-Torres v. United States*, 523 U.S. 224, 237 (1998) (statute should be construed "so as to avoid not only the conclusion that it is unconstitutional but also grave doubts upon that score.") (quoting *United States ex rel. Attorney General v. Delaware and Hudson Co.*, 213 U.S. 394, 401 (1916)).

**D.    The Government Ignores The Court's Inherent Authority And The Equitable Nature Of The Requested Relief.**

Plaintiff's Motion relied on the Court's inherent equitable power in addition to the equitable authority conferred on it by Rule 41(g).  (Dkt. No. 23 at 15:23-16:7.)  The Government's *Ex Parte* Application states nothing at all about the Court's inherent power, which the Court may properly exercise to order the return of property even aside from relying on Rule 41.  *See Otonye v. United States*, 903 F. Supp. 357, 360 (E.D.N.Y. 1995).  And the Government's proposed rule – that uncharged citizens whose property was seized must wait longer than *any other plaintiff* before having their claim heard by a court – runs directly counter to the equitable nature of a Rule 41(g) motion.  *See United States v. Martinson,* 809 F.2d

1364, 1367 (9th Cir. 1987) ("It is the historic purpose of equity to secure complete justice.  The courts will be alert to adjust their remedies so as to grant the necessary relief.") (quoting *EEOC v. General Telephone Co.*, 599 F.2d 322, 334 (9th Cir. 1979), *aff'd* 446 U.S. 318 (1980)).

Moreover, it is worth asking, what purpose would such a rule serve?  Why should there be a rule that a person – a non-defendant – whose property was seized cannot bring a motion on a schedule permitted to every other plaintiff who sues the Government?  Why should the Federal Rules of Civil Procedure require this result?  The Government's Application fails even to suggest an answer to the question of why, after the Government has been properly served with a summons and complaint and has appeared in the matter, it should not be required to respond to a Rule 41(g) motion just like it must respond to any other motion, filed by any other plaintiff.[2]

In practice, the Government's proposed rule would mean that *every* person aggrieved by a deprivation of his or her property would have no choice but to file a TRO seeking extraordinary relief based on the constitutionally injurious delays that would result from the Government's proposed procedural schedule.  This bizarre result is not supported or even suggested by the cases, has no foundation in logic, and is entirely unnecessary.  Indeed, this Court denied TRO relief in a related case *precisely because* the Court found that the plaintiffs in that case could proceed under Rule 41(g).  *See Does 1-6*, 21-cv-3254 (Dkt. No. 23) at 5-6.  The Government's fabricated rule, however, would mean that the lengthy delay in having a Rule 41(g) motion heard would itself justify TRO relief.  Again, this supports the conclusion

---

[2]    The Government also makes a passing argument that a claimant can *never* – under any schedule – bring a Rule 41 motion in a civil case because Rule 41 is a rule of *criminal* procedure.  This ignores the express equitable nature of Plaintiff's Motion.  *See*, *e.g.*, *U.S. v. Comprehensive Drug Testing, Inc.*, 621 F.3d 1162, 1192 (9th Cir. 2010) ("Because there is no criminal proceeding pending against the plaintiffs in this case, we analyze their motion for return of property as *an equitable analog* to a motion under Rule 41(g)") (emphasis added).

1 that a Rule 41(g) motion filed after the complaint is served in accordance with Fed.

2 R. Civ. P. 4 is no different from any other motion and should be heard on a regular

3 schedule.

## III.

## CONCLUSION

6      The Government's *Ex Parte* Application is unnecessary and the

7 Government's position is unsupported. The rule-of-delay that the Government

8 seeks to create would raise grave due process questions and it fails to recognize the

9 Court's inherent authority as well as the scope of relief available in any equitable

10 proceeding.

11      The *Ex Parte* Application should be denied.

12

13 DATED: May 11, 2021         Benjamin N. Gluck

14                            Nicole R. Van Dyk

                           Ashley D. Bowman

15                            Naomi S. Solomon

16                            Bird, Marella, Boxer, Wolpert, Nessim,

                           Drooks, Lincenberg & Rhow, P.C.

17

18                     By:          /s/ Benjamin N. Gluck

19                            Benjamin N. Gluck

20                        Attorneys for Plaintiff Charles Coe

21

22

23

24

25

26

27

28

OPPOSITION TO DEFENDANTS' *EX PARTE* APPLICATION TO STRIKE
MOTION FOR RETURN OF PROPERTY