JABA TSITSUASHVILI (Cal. Bar No. 30912)
jtsitsuashvili@ij.org
INSTITUTE FOR JUSTICE
901 North Glebe Road
Arlington, VA 22203
Tel:   (703) 682-9320
Fax:   (703) 682-9321
*Attorney for Amicus Curiae Institute for Justice*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DISVISION**

| | |
|---|---|
| CHARLES COE,<br><br>   Plaintiff,<br><br>   v.<br><br>UNITED STATES OF AMERICA, ET AL.,<br><br>   Defendants | Case No.: 2:21-cv-3019-RGK-MAR<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF *AMICUS CURIAE* INSTITUTE FOR JUSTICE IN SUPPORT OF PLAINTIFF'S MOTION FOR RETURN OF PROPERTY**<br><br>Before the Hon. R. Gary Klausner<br>Hearing Date: June 14, 2021<br>Hearing Time: 9:00 am |

   The Institute for Justice respectfully requests that this Court grant it leave to file a brief as *amicus curiae* in support of Plaintiff Charles Coe's Motion for Return of Property. As explained below, IJ is a national, public-interest law firm that has actively litigated cases at the intersection of Fourth Amendment rights and property rights for

MEM. IN SUPPORT OF
MOTION FOR LEAVE - 1

over two decades. IJ seeks to participate in this case in order to highlight the significance of the issues in this case for Americans' property rights.

*Amicus* Institute for Justice filed this motion following the conference of counsel pursuant to L.R. 7-3, which took place on May 4, 2011. *Amicus* avers that it has obtained consent from counsel for Mr. Coe, but that consent was withheld by the United States of America following conversations with Assistant United States Attorney Andrew Brown.

I.   **LEGAL STANDARD**

The Court has "'broad discretion to appoint *amici curiae*.'" *Duronslet v. County of Los Angeles*, No. 2:16-cv-08993-ODW (PLAx), 2017 WL 5643144, at *1 (C.D. Cal. Jan. 23, 2017) (quoting *Hoptowit v. Ray*, 682 F.2d 1237, 1260 (9th Cir. 1982), *abrogated on other grounds by Sandin v. Conner*, 515 U.S. 472 (1995)). There are "'no strict prerequisites'" for participation as an *amicus*; the submission need only be "'useful to or otherwise desirable to the court.'" *Id.* (quoting *In re Roxford Foods Litig.*, 790 F. Supp. 987, 997 (E.D. Cal. 1991)). Courts in this Circuit "'exercise[] great liberality' in permitting *amicus* briefs." *California ex rel. Becerra v. U.S. Dep't of Interior*, 381 F. Supp. 3d 1153, 1164 (N.D. Cal. 2019) (quoting *Woodfin Suite Hotels, LLC v. City of Emeryville*, No. C 06-1254 SBA, 2007 WL 81911, at *3 (N.D. Cal. Jan. 9, 2017)); *see Duronslet*, 2017 WL 5643144, at *1 ("[T]his Court finds it 'preferable to err on the side of' permitting such briefs.") (quoting *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002)).

## II. ARGUMENT

The Court should grant the Institute for Justice's motion for leave to file the enclosed *amicus curiae* brief. As a public-interest organization that has litigated search-and-seizure issues across the nation, *amicus* offers "unique information or perspective that can help the court" beyond that offered by the parties. *Duronslet*, 2017 WL 5643144, at *1 (quoting *Cmty. Ass'n for Restoration of Env't v. DeRuyter Bros. Dairy*, 54 F. Supp. 2d 974, 975 (E.D. Wash. 1999)).

The Institute for Justice litigates cases at the intersection of Fourth Amendment rights and property rights to secure greater protections for private property and restore constitutional limits on the power of government. *See, e.g.*, *Rivera v. Borough of Pottstown*, No. 722 C.D. 2019, 2020 WL 57181 (Pa. Commw. Ct. Jan. 6, 2020); *McCaughtry v. City of Red Wing*, 831 N.W.2d 518 (Minn. 2013); *Black v. Village of Park Forest*, 20 F. Supp. 2d 1218 (N.D. Ill. 1998). The right of individuals to own and enjoy their property is a central pillar of the Institute's work, both because an individual's control over his or her property is a tenet of personal liberty and because property rights are inextricably linked to all other civil rights. The right to own and enjoy property includes the right to hold that property free from government search and seizure.

This case is of particular importance to the Institute for Justice given the property rights and due-process issues raised by the government's blanket seizure of hundreds of

security boxes. One of the Fourth Amendment's key safeguards is the requirement of probable cause before items may be seized for criminal investigation. *Maryland v. Pringle*, 540 U.S. 366 (2003) (holding that a probable cause determination must be individualized with respect to the person to be searched or seized). But here, the government had no probable cause as to any box renter, as opposed to U.S. Private Vaults itself. Yet almost two months after the initial raid, the government has made no meaningful attempt to reunite box renters with their property. Instead, it is requiring that renters identify themselves and prove that they and their property are not criminals.

The Institute for Justice has extensive experience litigating these issues. It has successfully litigated challenges to government seizures whereby the government sought to compel property owners to prove their own innocence to get their property back. *See, e.g., United States v. $107,702.66 in U.S. Currency*, No. 14-cv-295 (E.D.N.C.) (seizure of cash from bank account); *Kazazi v. CBP*, No. 18-mc-51 (N.D. Oh.) (seizure of cash at airport); *State v. $53,234.00*, No. CV-2016-66 (Okla. Dist. Ct.) (roadside seizure of cash). It has secured holdings from federal courts that requiring people to do just that violated due process. *See Harjo v. City of Albuquerque*, 326 F. Supp. 3d 1145, 1208 (D.N.M. 2018). And it has succeeded in requiring cities to provide property owners with prompt and meaningful post-seizure opportunities to be heard. *See, e.g., Sourovelis v. City of Philadelphia*, No. CV 14-4687, 2021 WL 263432 (E.D. Pa. Jan. 27, 2021) (approving consent decree requiring Philadelphia to provide prompt post-

deprivation hearings to owners of seized personal property); *Sourovelis*, 2015 WL 12806512 (Nov. 4, 2015) (approving consent decree prohibiting Philadelphia from seizing real property without first providing notice and hearing). IJ's accompanying *amicus* brief harnesses the organization's experience in these and other cases to give this Court a unique and valuable perspective on the property rights and due process issues that it now must confront.

### III.   CONCLUSION

Because *amicus* Institute for Justice would provide this Court with a unique perspective that will assist the Court in deciding Plaintiff Charles Coe's Motion for Return of Property, the Court should grant its motion for leave to file the *amicus curiae* brief enclosed as **Exhibit A**.

Dated: May 11, 2021                                     Respectfully submitted,

By: /s/ Jaba Tsitsuashvili
Jaba Tsitsuashvili
jtsitsuashvili@ij.org
INSTITUTE FOR JUSTICE
901 North Glebe Rd
Arlington, VA 22203
Tel:   (703) 682-9320
Fax:   (703) 682-9321