1   Benjamin N. Gluck - State Bar No. 203997
       bgluck@birdmarella.com
2   Nicole R. Van Dyk - State Bar No. 261646
       nvandyk@birdmarella.com
3   Ashley D. Bowman - State Bar No. 286099
       abowman@birdmarella.com
4   Naomi S. Solomon - State Bar No. 321357
       nsolomon@birdmarella.com
5   BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
    DROOKS, LINCENBERG & RHOW, P.C.
6   1875 Century Park East, 23rd Floor
    Los Angeles, California 90067-2561
7   Telephone: (310) 201-2100
    Facsimile:  (310) 201-2110
8
    Attorneys for Plaintiff Charles Coe
9

10              **UNITED STATES DISTRICT COURT**

11        **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

12

13   CHARLES COE,                        CASE NO. 2:21-cv-03019-RGK (MAR)

14             Plaintiff,                 **NOTICE OF PLAINTIFF'S *EX PARTE* APPLICATION AND *EX***
15        vs.                            ***PARTE* APPLICATION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO DEFENDANTS'**
16   UNITED STATES OF AMERICA;           **MOTION TO DISMISS:**
     TRACY L. WILKISON (OFFICIAL
17   CAPACITY), KRISTI KOONS             **PROPOSED SURREPLY IN**
     JOHNSON (OFFICIAL CAPACITY),        **OPPOSITION TO DEFENDANTS'**
18                                       **MOTION TO DISMISS (EXHIBIT A**
             Defendants.                 **HERETO);**
19
20                                       **DECLARATION OF NICOLE R. VAN DYK IN SUPPORT OF PROPOSED**
21                                       **SURREPLY (EXHIBIT B HERETO)**

22                                       *[Filed Concurrently with Declaration of Nicole R. Van Dyk in Support of Ex*
23                                       *Parte Application; and [Proposed] Order*

24
                                         Date:     July 6, 2021
25                                       Time:     9:00 a.m.
                                         Crtrm.: 850
26
                                         Assigned to Hon. R. Gary Klausner
27
                                         Complaint Filed:  April 7, 2021
28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Civil Local Rule 7-19, Plaintiff applies, *ex parte*, for an order pursuant to Local Rule 7-10 granting leave to file a surreply in opposition to Defendants' Motion To Dismiss Complaint For Lack Of Subject Matter Jurisdiction And Failure To State A Claim Upon Which Relief Can Be Granted Pursuant To F.R.C.P. 12(B)(1) And 12(B)(6).

On June 28, 2021, counsel for Plaintiff gave oral notice to Government counsel, AUSAs Victor Rodgers and Maxwell Coll, and written notice to Messrs. Rodgers, Cole, and AUSA Andrew Brown.  Declaration of Nicole R. Van Dyk In Support of *Ex Parte* Application for Leave to File Surreply ¶¶ 2-4.  Counsel for the Government advised that the Government would oppose Plaintiff's *ex parte* application.  *Id.* ¶ 4.

This *ex parte* application is based on this Notice, the Memorandum of Points and Authorities; the proposed Surreply (attached hereto as Exhibit A); the Declaration of Nicole R. Van Dyk in support of the proposed Surreply (attached hereto as Exhibit B); the Declaration of Nicole R. Van Dyk in Support of the *ex parte* application; and the proposed order granting Plaintiff's *ex parte* application,

1 | all pleadings and papers on file in this action, and such further briefing and

2 | arguments as the Court may hear.

3 | DATED:  June 28, 2021                    Respecfully submitted,

4 | Benjamin N. Gluck

5 | Nicole R. Van Dyk

6 | Ashley D. Bowman
Naomi S. Solomon

7 | Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

8 |

9 |

10 | By:        /s/ Benjamin N. Gluck

11 | Benjamin N. Gluck

12 | Attorneys for Plaintiff Charles Coe

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Plaintiff brings this *ex parte* application seeking an opportunity to file a surreply to address three arguments raised in the Government's July 22, 2021 reply in support of its motion to dismiss.  *First*, Plaintiff seeks leave to address the new (and patently wrong) argument raised for the first time in the Government's reply that the Government may retain Plaintiff's non-forfeited property as "evidence." *Second*, Plaintiff seeks to address the fact that the reply references and relies on administrative forfeiture notices that this Court has since found to be unconstitutional.  *And third*, Plaintiff seeks to clarify the reply's reliance on inaccurate factual representations regarding the validity of USPV's claim contesting forfeiture.

As set forth below, each of these arguments is properly addressed by the filing of a surreply.  Accordingly, Plaintiff respectfully requests leave to file the Surreply attached as Exhibit A and the supporting Declaration of Nicole R. Van Dyk attached as Exhibit B.

### II.   ARGUMENT

The Court has discretion to permit the filing of a surreply.  *See* C.D. Cal. L.R. 7-10; *Chow v. Neutrogena Corp.*, No. CV 12-04624 R(JCx), 2013 WL 5629777, at *1 (C.D. Cal. Jan. 22, 2013).  Such leave is warranted where, as here, the Government raises for the first time in its reply new arguments and gross factual inaccuracies, and an intervening ruling of this Court affects Plaintiff's case.  *See United States v. Venture One Mortg. Corp.*, No. 13-CV-1872 W (JLB), 2015 WL 12532139, at *2 (S.D. Cal. Feb. 26, 2015) (leave to file a surreply should be granted "where a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.").  Leave also is warranted in cases such as this one where the evidence and arguments presented in the surreply "give a more complete picture of the issues in need of resolution."  *Tounget v. Valley-Wide*

*Recreation & Park Dist.*, No. EDCV 16-88 JGB (KKX), 2020 WL 8410456, at *2 (C.D. Cal. Feb. 20, 2020); *see also Radware, Ltd. v. F5 Networks, Inc.*, No. 5:13-cv-02024-RMW, 2016 WL 393227, at *2 (N.D. Cal. Feb. 2, 2016) (granting leave to file surreply because it "helped to crystalize the disputed issues").

**A.    Plaintiff Should be Afforded An Opportunity to Respond to the Government's New Argument Raised in Its Reply.**

"[W]hen a party has raised new arguments or presented new evidence in a reply to an opposition, the court may permit the other party to counter the new arguments or evidence." *Jordan v. Terhune*, No. CIV S-03-1820-LKK, 2009 WL 276764, at *3 (E.D. Cal. Feb. 5, 2009) (citing *El Pollo Loco. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003)); *see also Whitaker v. Alo, LLC*, No. 219-cv-03312-RGK, 2020 WL 1972578, at *3 (C.D. Cal. Mar. 17, 2020) (permitting surreply where other party raised a new argument in reply); *VNUS Med. Techs., Inc. v. Diomed Holdings, Inc.*, No. C-05-2972MMC, 2007 WL 3096589, at *1 (N.D. Cal. Oct. 22, 2007) (deferring ruling on motion "in order to afford plaintiff the opportunity to file a surreply to respond to an argument raised for the first time in defendants' reply.").

Here, the Government argues – *for the first time in its reply* – that Plaintiff's Complaint should be dismissed even though the Government has *not* purported to seek forfeiture of *all* of Plaintiff's property the Government seized.  Whereas the Government's motion to dismiss argued only that administrative forfeiture proceedings related to Plaintiff's property had divested this Court of jurisdiction, the Government now puts forward the novel claim that it may "retain" Plaintiffs' property that is *not* subject to forfeiture as "evidence" to support its forfeiture of Plaintiff's *other* property.  (Dkt. 38, Reply at 6:15-17 ("As to boxes within the forfeiture proceeding, the government has the right to retain documents or any other items situated therein as evidence.").)  The Government's new argument is not only contrary to the cases it cites and the Fourth Amendment, it also is wholly

inconsistent with the Government's prior representations to the Court.  Plaintiff should have an opportunity to respond.  *Whitaker*, 2020 WL 1972578, at *3; *Jordan*, 2009 WL 276764, at *3; *VNUS Med. Techs.,* 2007 WL 3096589, at *1.

## B.   This Court's Order in *Snitko* Materially Affects Plaintiff's Case And The Government's Motion to Dismiss It.

After Plaintiff filed his opposition in this case, the Court issued an Order in *Snitko v. United States*, 21-cv-4405-RGK-MAK, granting Snitko's request for a temporary restraining order because the "anemic" language of the Government's administrative forfeiture notices failed to satisfy the plaintiffs' due process rights. *Id.*, Dkt. 52 at 5.

The Government used that same unconstitutional language in each of the administrative forfeiture notices it issued for property it seized from USPV, including the notice(s) purporting to forfeit Plaintiff's property.  The Court's *Snitko* ruling thus affects Plaintiff's case and his argument in response to the Government's motion to dismiss.  Plaintiff should be permitted to put forward his argument that he should not be kicked out of this Court and into an administrative procedure that this Court has already deemed constitutionally defective.  *See Curnow v. Astrue*, No. 11-CV-02589-PSG, 2013 WL 1962366, at *3 (N.D. Cal. May 10, 2013) (permitting surreply where favorable ALJ decision issued after summary judgment briefing impacted the plaintiff's case); *Equal Emp. Opportunity Comm'n v. Evans Fruit Co.*, No. CV-10-3033-LRS, 2011 WL 13115962, at *1 (E.D. Wash. Mar. 24, 2011) ("Because it is apparent there were new developments between the parties following the filing of EEOC's response to the motion (Ct. Rec. 234), as reflected in Defendant's reply (Ct. Rec. 236), the court has considered the EEOC's proposed sur-reply."); *see also McLellan v. Fitbit, Inc.*, No. 3:16-CV-00036-JD, 2017 WL 4551484, at *1 (N.D. Cal. Oct. 11, 2017) ("While these briefs were under review, the Court allowed each side to file sur-replies and supplemental briefs, which for the most part discussed new decisions that one side or the other thought germane to the

1   arbitration questions.").

2   **C.     Plaintiff Should Be Permitted to Correct the Government's Factual**

3   **Misstatement In Order To Accurately Represent The Issues In**

4   **Dispute.**

5   The Government falsely asserts in its reply that USPV's claim contesting

6   forfeiture is invalid because it is signed by counsel for USPV, rather than the

7   claimant.  This statement is demonstrably false:  although Michael Singer is USPV's

8   attorney, he also is – and explicitly identified himself as – USPV's "Authorized

9   Representative."  The fact that USPV submitted a valid claim contesting the

10   Government's purported administrative forfeiture directly contradicts the

11   Government's contention that there is no viable claim contesting its administrative

12   forfeiture of Plaintiff's property.  (*See* Dkt. 38, Reply at 3-4.)  Because the existence

13   and effect of claims contesting the Government's forfeiture are critical to the

14   Court's consideration of the Government's motion to dismiss, Plaintiff should be

15   permitted to correct the record as to these claims in order to "help[] crystallize the

16   disputed issues" before the Court.  *Radware*, 2016 WL 393227, at *2.

17   **III.   CONCLUSION**

18   Plaintiff respectfully requests that the Court grant his *ex parte* application for

19   leave to file a surreply in opposition to Defendants' motion to dismiss, and permit

20   Plaintiff to file the Surreply and Declaration attached as Exhibits A and B,

21   respectively.

22

23

24

25

26

27

28

1   DATED:  June 28, 2021              Benjamin N. Gluck
2                                      Nicole R. Van Dyk
                                       Ashley D. Bowman
3                                      Naomi S. Solomon
                                       Bird, Marella, Boxer, Wolpert, Nessim,
4                                      Drooks, Lincenberg & Rhow, P.C.
5
6                                      By: _____/s/ Benjamin N. Gluck_____
7                                            Benjamin N. Gluck
                                          Attorneys for Plaintiff Charles Coe
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28