TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
      1100/1400/1200 United States Courthouse
      312 North Spring Street
      Los Angeles, California 90012
      Telephone: (213) 894-0102/2569/1785
      Facsimile: (213) 894-6269/0142/0141
      E-mail: Andrew.Brown@usdoj.gov
            Victor.Rodgers@usdoj.gov
            Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| CHARLES COE,<br><br>              Plaintiff,<br><br>              v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>              Defendants. | Case No. 2:21-cv-03019-RGK-MAR<br><br>**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO MOTION OF PLAINTIFF CHARLES COE FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g) AND DECLARATIONS OF LYNDON A. VERSOZA AND AUSA VICTOR A. RODGERS**<br><br>Date:            July 26, 2021<br>Time:            9:00 a.m.<br>Courtroom:   850, the Honorable<br>                    R. Gary Klausner |

1

## **TABLE OF CONTENTS**

2    MEMORANDUM OF POINTS AND AUTHORITIES ...................................................... 1

3    I.       INTRODUCTION ............................................................................................. 1

4    II.      STATEMENT OF FACTS. ............................................................................... 1

5    III.     ARGUMENT ..................................................................................................... 3

6                A.     Under Applicable Ninth Circuit Case Law, Plaintiff's Motion For
Return Of Property Pursuant To Rule 41(g) Is Treated As A Motion
7                       For Summary Judgment, ................................................................................ 3

8                B.     The Standards Governing Motions For Summary Judgment ................... 6

9                C.     There Are Multiple Reasons That Genuine Disputes Of Material
Fact Exist. ....................................................................................................... 7

10

11                       1.     Plaintiff Has Not Shown That Equitable And Therefore Subject
Matter Jurisdiction Lies In This Case ................................................... 7

12                       2.     Plaintiff's Has Not Shown That He Should Be Allowed To
Proceed Using A Pseudonym. ................................................................ 7

13

14                       3.     Genuine Disputes Of Material Fact Exist As To Whether The
Funds Seized From Plaintiff's Box Are Subject To Forfeiture .......... 8

15    IV.     CONCLUSION ............................................................................................... 12

16    DECLARATION OF LYNDON VERSOZA .......................................................... 13

17    DECLARATION OF AUSA VICTOR RODGERS ................................................ 17

18

19

20

21

22

23

24

25

26

27

28

i

**TABLE OF AUTHORITIES**

**Federal Cases**

Anderson v. Liberty Lobby, Inc.,
   477 U.S. 242 (1986)..................................................................................6

Celotex Corp. v. Catrett,
   477 U.S. 317 (1986)..................................................................................6

Cox v. American Fidelity and Casualty Co.,
   249 F.2d 616 (9th Cir. 1957).....................................................................6

In re Century 21-Re/MAX Real Estate Advertising Claims Litigation,
   882 F. Supp. 915 (C.D. Cal. 1994).............................................................6

Kardoh v. U.S.,
   572 F.3d 697 (9th Cir. 2009).....................................................................5

Matsushita Elec. Indus. Co. Inc. v. Zenith Radio Corp.,
   475 U.S. 574 (1986)..................................................................................6

Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.,
   210 F.3d 1099 (9th Cir. 2000)............................................................... 7, 8

S.E.C. v. Koracorp Industries, Inc.,
   575 F.2d 692 (9th Cir. 1978).....................................................................6

United States v. $12,390,
   956 F.2d 801 (8th Cir. 1992)...................................................................10

United States v. $22,474.00 in U.S. Currency,
   246 F.3d 1212 (9th Cir. 2001)............................................................10, 11

United States v. $50,720.00 in U.S. Currency,
   589 F. Supp. 2d 582 (E.D.N.C. 2008).......................................................11

United States v. $84,615 in U.S. Currency,
   379 F.3d 496 (8th Cir. 2004)...................................................................10

United States v. $117,920.00 in U.S. Currency,
   413 F.3d 826 (8th Cir. 2005)...................................................................10

United States v. $129,727 U.S. Currency,
   129 F.3d 486 (9th Cir. 1997)...................................................................10

**TABLE OF AUTHORITIES CONTINUED**

United States v. $132,245.00 in U.S. Currency,
764 F.3d 1055 (9th Cir. 2014)......................................................................10

United States v. $242,484.00,
389 F.3d 1149 (11th Cir. 2004)....................................................................10

United States v. $311,570.00 in U.S. Currency,
2013 WL 6162989 (N.D. Ohio Nov. 22, 2013) ...........................................11

United States v. $321,470.00 U.S. Currency,
874 F.2d 298 (5th Cir. 1989) ........................................................................11

United States v. 6 Fox Street,
480 F.3d 38 (1st Cir. 2007) ...........................................................................11

United States v. 1982 Yukon Delta Houseboat,
774 F.2d 1432 (9th Cir. 1985).........................................................................9

United States v. Approximately $158,000.00 U.S. Currency,
2013 WL 1091395 (E.D. Cal. Mar. 15, 2013) ..............................................10

United States v. Daccarett,
6 F.3d 37 (2d Cir. 1993) .................................................................................9

United States v. Funds in the Amount of Forty-Five Thousand Fifty Dollars,
2007 WL 2323307 (N.D. Ill. Aug. 9, 2007) ...................................................9

United States v. Ibrahim,
522 F.3d 1003 (9th Cir. 2008)................................................................ passim

United States v. Mills,
991 F.2d 609 (9th Cir. 1993) ..........................................................................8

United States v. One Tintoretto Painting,
691 F.2d 603 (2d Cir 1982).............................................................................6

United States v. Parcels of Land,
903 F.2d 36 (1st Cir. 1990) .............................................................................8

United States v. Ritchie,
342 F.3d 903 (9th Cir. 2003) ......................................................................3, 4

**TABLE OF AUTHORITIES CONTINUED**

United States v. Thomas,
  913 F.2d 1111 (4th Cir. 1990)..................................................................11

United States v. U.S. Currency, $42,500.00,
  283 F.3d 977 (9th Cir. 2002) ..........................................................9, 10, 11

Zetwick v. Cty. of Yolo,
  850 F.3d 436 (9th Cir. 2017) ...................................................................6

**Federal Statutes**

18 U.S.C. § 981(a)(1)(A) ............................................................................8

18 U.S.C. § 981(a)(1)(C) ............................................................................8

18 U.S.C. §§ 1956.......................................................................................8

18 U.S.C. §§ 1957.......................................................................................8

21 U.S.C. § 881(a)(6)..................................................................................8

**Federal Rules**

Fed. R. Civ. P. 12(b)(1) ..........................................................................3, 4

Fed. R. Civ. P. 12(b)(6) ........................................................................3, 4, 5

Fed. R. Civ. P. 56.............................................................................. passim

Fed. R. Civ. P. 56(a)...................................................................................5

Fed. R. Civ. P. 56(c)................................................................................4, 5

Fed. R. Civ. P. 56(d) ................................................................................11

Fed. R. Crim. P.  41(e)................................................................................4

Fed. R. Crim. P. 41(g) ...................................................................... passim

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.   INTRODUCTION.

Defendants United States of America, Tracy L. Wilkison and Kristi Koons Johnson (collectively, "the government") respectfully submit this memorandum of points and authorities in opposition to the motion for return of property pursuant to Fed. R. Crim. P. 41(g) ("Rule 41(g)") filed by plaintiff Charles Coe.  Under Ninth Circuit law, plaintiff's Rule 41(g) motion is treated as a motion for summary judgment under Fed. R. Civ. P. 56.  Plaintiff has not met the rigorous standards for summary judgment, which require that plaintiff show there is no genuine dispute as to any material fact and plaintiff is entitled to judgment as a matter of law.  Plaintiff has failed to meet this standard for three reasons, any one of which warrants that plaintiff's motion be denied.

First, plaintiff has not established that equitable and therefore subject matter jurisdiction exists here.  Second, plaintiff has not shown that plaintiff is entitled to continue to proceed in this case using a pseudonym.  Third, plaintiff has failed to offer any evidence whatsoever that shows that the funds that are the subject matter of the instant motion were derived from legal sources and are therefore not subject to forfeiture.  As to the third reason, plaintiff's evidentiary failure standing alone is fatal on summary judgment.  Nevertheless, the government has offered evidence proving that, under the applicable aggregate of the facts test, there is a genuine issue of material fact as to the forfeitability of the funds.  The government therefore respectfully requests that plaintiff's motion be denied.

## II.   STATEMENT OF FACTS.

On April 7, 2021, plaintiff Charles Coe filed an unverified complaint asserting a cause of action for return of property pursuant to Fed. R. Crim. P. 41(g), which plaintiff identified in his complaint as currency situated in safety deposit box number 904 formerly resident at US Private Vaults ("USPV").  Docket No. 1  (complaint ¶¶ 9, 21-26).  The complaint further alleges, while making no representation regarding plaintiff's gender (and the government in this brief uses masculine pronouns to refer to plaintiff),

1    that plaintiff was suing using a pseudonym to protect himself from the risk of criminal

2    prosecution, and from injury, harassment, retaliation and embarrassment.  Id. at ¶ 5.

3          In March 2021, a grand jury indicted USPV for conspiring with its customers to

4    launder money, distribute drugs, and structure financial transactions to avoid currency

5    reporting requirements.  Rodgers Decl. ¶ 2 and Ex. A.  The indictment provides that

6    USPV's business is predicated on "attract[ing] customers in possession of proceeds from

7    criminal offenses[.]"  Id.  (Ex. A [indictment at 3:21]).  USPV allegedly did so by

8    "touting the anonymity of the safety deposit rentals" and "boasting that, unlike banks, its

9    anonymous safety deposit box rentals did not require customer information that 'can be

10   easily accessed by government agencies (such as the IRS)[.]' "  (Ex. A [indictment at

11   3:23-28]).

12         The government obtained a sealed criminal seizure warrant for, among other

13   things "[t]he nests of safety deposit boxes and keys" located at USPV, and the warrant

14   provides that it "does not authorize a criminal search or seizure of the contents of the

15   safety boxes[,]" that "agents shall follow their written inventory policies to protect their

16   agencies and the contents of the boxes" and that "agents shall inspect the contents of the

17   boxes in an effort to identify their owners in order to notify them so that they can claim

18   their property[.]" Docket No. 25-3 (Gluck Decl. ¶ 5 and Ex. A).  Between March 22 and

19   26, 2021, federal agents executed the seizure warrant and removed the nests of safe

20   deposit boxes, inventorying their contents in the process, as authorized in the seizure

21   warrant and discussed in the affidavit supporting it.  Id.;  Docket No. 1 (complaint ¶ 12).

22         After filing the complaint on April 7, 2021, plaintiff filed the instant motion for

23   return of property pursuant to Rule 41(g) on May 5, 2021 (docket no. 25), and the

24   hearing on the motion was continued to July 26, 2021 by the Court's May 11, 2021 order

25   (docket no. 30).   In his motion, plaintiff states that he leased box number 904 at USPV,

26   and the box contained only currency and nothing else.  Moving papers 5:1-6.  However,

27   neither the complaint nor the motion filed May 5, 2021 identified the specific amount of

28   currency plaintiff was seeking to have returned.

2

1   On May 28, 2021, the government responded to plaintiff's complaint by filing a
2   motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss the complaint for
3   lack of subject matter jurisdiction and failure to state a claim upon which relief can be
4   granted.  Docket No. 33.  In that filing, the government noted that the FBI had
5   commenced administrative forfeiture proceedings against the $914,700 officers found in
6   box number 904.  Docket No. 33-5 (Declaration of Supervisory Special Agent Jessie
7   Murray  ¶ 2 and Ex. A).
8   **III.   ARGUMENT.**
9       **A.   UNDER APPLICALBLE NINTH CIRCUIT CASE LAW,**
10          **PLAINTIFF'S MOTION FOR RETURN OF PROPERTY**
11          **PURSUANT TO RULE 41(g) IS TREATED AS A MOTION FOR**
12          **SUMMARY JUDGMENT.**
13  Plaintiff cites the standards applicable to Rule 41(g) motions in his motion,
14  (moving papers 13:10-10-22), but those standards do not apply.  The Ninth Circuit cases
15  hold that his Rule 41(g) motion is determined by the standards governing motions for
16  summary judgment pursuant to Fed. R. Civ. P. 56.
17  In the absence of a criminal proceeding that is pending at the time a Rule 41(g)
18  motion is filed, Ninth Circuit caselaw hold that district courts are required to treat such a
19  motion as a civil complaint.  United States v. Ibrahim, 522 F.3d 1003, 1007 (9th Cir.
20  2008) ("[b]ecause there were no criminal proceedings pending at the time of filing, the
21  district court properly treated the motion as a civil complaint governed by the Federal
22  Rules of Civil Procedure") (citation omitted); United States v. Ritchie, 342 F.3d 903,
23  906-07 (9th Cir. 2003).  Once district courts treat the motion "as a civil complaint, . . . it
24  [is] required to apply the Federal Rules of Civil Procedure.  **These rules apply to each**
25  **stage of the proceedings, the same way they would in the civil context**." Ibrahim,
26  522 F.3d at 1008 (citation omitted; underlined emphasis in original and emphasis in bold
27  added).
28  ///

3

1    Plaintiff filed his complaint for return of property pursuant to Fed. R. Crim. P.

2    41(g) on April 7, 2021 (docket no. 1), then filed the instant motion for return of property

3    pursuant to Rule 41(g) on May 5, 2021 (docket no. 25) for which the hearing was

4    continued to July 26, 2021 by the Court's May 11, 2021 order (docket no. 30), and the

5    government filed its motion pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) to dismiss

6    the complaint on May 28, 2021 (docket no. 33).  Based on these facts, plaintiff's motion

7    is treated as a summary judgment motion.

8    In <u>Ritchie</u>, a Rule 41(e) motion[1] was filed, and the Ninth Circuit treated that

9    motion as a complaint and the government's opposition to the motion as a Fed. R. Civ.

10   P. 12(b)(6) motion to dismiss for failure to state a claim for which relief can be granted,

11   which was converted to a Fed. R. Civ. P. 56 motion for summary judgment because the

12   government relied upon evidence beyond the complaint.  <u>Id.</u> at 906-909.  The Ninth

13   Circuit noted these facts in <u>Ibrahim</u>, stating that the Court had in <u>Ritchie</u> "converted the

14   <u>government</u>'s opposition [to the Rule 41(e) motion] into a motion for summary

15   judgment."  <u>Ibrahim</u>,  522 F.3d at 1007 (emphasis in original).   The Ninth Circuit

16   further stated in <u>Ibrahim</u>:

17          Therefore, under <u>Ritchie</u>, a court should first convert a government's

18          opposition [to a Rule 41(g) motion] into a motion for summary judgment if

19          it cannot decide the matter on the pleadings.  Then, pursuant to the Federal

20          Rules of Civil Procedure, the court should determine whether the

21          government has demonstrated there is no 'genuine issue as to any material

22          fact,' and that it is 'entitled to judgment as a matter of law.'  Fed. R. Civ. P.

23          56(c). . . . Finally, if the government is unable to meet this summary

24          judgment standard, the motion for return of property (now being treated as a

25          civil complaint) should not be dismissed at the summary judgment stage,

26          and the court should go forward with additional proceedings consistent with

27          the Federal Rules of Civil Procedure.

28

---

[1] Rule 41(e) is the predecessor to Rule 41(g).

4

1 | Ibrahim, 522 F.3d at 1008 (citation omitted). The Ninth Circuit then noted that the

2 | district court erred "because it improperly converted [movant] Ibrahim's motion for

3 | return of property into a motion for summary judgment, and then decided the issue in an

4 | ad hoc proceeding, under a preponderance of the evidence standard." Id. The Ninth

5 | Circuit explained that the district court, however, was required to determine the matter

6 | under summary judgment standards and not the ad hoc preponderance of the evidence

7 | standard the district court had used to decide the matter. Accordingly, the Ninth Circuit

8 | "reverse[d] the district court's summary judgment, and remand[ed] for further

9 | proceedings consistent with the Federal Rules of Civil Procedure." Id.

10 |       The Ninth Circuit applied the same analysis in Kardoh v. U.S., 572 F.3d 697 (9th

11 | Cir. 2009). There, a Rule 41(g) motion was filed, the government filed an opposition to

12 | the motion, and the Ninth Circuit concluded that the opposition "was the equivalent of a

13 | motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, as

14 | to which the court should determine whether 'the government has demonstrated that

15 | there is no 'genuine issue as to any material fact,' and that it is 'entitled to judgment as a

16 | matter of law.' " Kardoh, 572 F.3d at 702 (citing Ibrahim, 522 F.3d at 1008 [citing Fed.

17 | R. Civ. P. 56(c)]). Because the government offered a declaration showing the movant's

18 | transactions were illegal and the movant offered no evidence in response, the Ninth

19 | Circuit held that the district court erred in granting the movant's Rule 41(g) motion, as

20 | "there was no genuine issue as to any material fact and the government was entitled to a

21 | judgment as a matter of law." Kardoh, 572 F.3d at 702.

22 |       Applying these principles to the present case, plaintiff's current Rule 41(g) motion

23 | is treated as a summary judgment motion. Plaintiff's filed a complaint, and the

24 | government filed a Fed. R. Civ. P. 12(b)(6) motion in response thereto. Now, plaintiff

25 | has filed a separate Rule 41(g) motion for return of property. In accordance with

26 | Ibrahim and the other authorities set forth above, the Ninth Circuit has instructed district

27 | courts to "apply the Federal Rules of Civil Procedure . . . to each stage of the

28 | proceedings, the same way they would in the civil context." Ibrahim, 522 F.3d at 1008.

The only statute in the Federal Rules of Civil Procedure to apply to plaintiff's motion is Fed. R. Civ. P. 56.   Accordingly, the correct standard governing plaintiff's Rule 41(g) motion are the standards for granting or denying summary judgment motions.

### B.   THE STANDARDS GOVERNING MOTIONS FOR SUMMARY JUDGMENT.

Summary judgment is a drastic remedy which should be cautiously invoked. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  In order to succeed on a motion for summary judgment, the movant has the burden of establishing that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Zetwick v. Cty. of Yolo, 850 F.3d 436, 440 (9th Cir. 2017).  In deciding the motion, courts must view the evidence in the light most favorable to and draw all reasonable inferences in favor of the party opposing summary judgment.  Matsushita Elec. Indus. Co. Inc. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson, 477 U.S. at 255 ("[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor") (citation omitted); Cox v. American Fidelity and Casualty Co., 249 F.2d 616, 619 (9th Cir. 1957) ("in deciding whether there is an issue of material fact in the case, all doubts must be resolved against the party moving for a summary judgment") (citation omitted).

It is inappropriate to resolve issues of credibility on summary judgment or to weigh the evidence in deciding the motion.  Zetwick, 850 F.3d at 441 (summary judgment is improper where "conflicting testimony exists"); S.E.C. v. Koracorp Industries, Inc., 575 F.2d 692, 699 (9th Cir. 1978) ("summary judgment is singularly inappropriate where credibility is at issue"); United States v. One Tintoretto Painting, 691 F.2d 603, 606 (2d Cir 1982) (court's function on summary judgment motion is issue-finding, not issue-resolution); In re Century 21-Re/MAX Real Estate Advertising Claims Litigation, 882 F. Supp. 915, 921 (C.D. Cal. 1994) (court is not to determine issues of credibility on summary judgment; instead truth of each party's affidavits must

1    be assumed).  In addition, where the moving party "fails to carry its initial burden of

2    production," the motion fails.  Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.,

3    210 F.3d 1099, 1102-03 (9th Cir. 2000).

4           As shown below, plaintiff has not satisfied these standards.  Accordingly,

5    plaintiff's motion should be denied.

6           **C.     THERE ARE MULTIPLE REASONS THAT GENUINE DISPUTES**

7                  **OF MATERIAL FACT EXIST.**

8                  **1.     Plaintiff Has Not Shown That Equitable And Therefore Subject**

9                         **Matter Jurisdiction Lies In This Case.**

10          Summary judgment should be denied because plaintiff has not shown that

11   equitable and therefore subject matter jurisdiction exists in this case.  This is sufficient

12   standing alone to deny plaintiff's motion.  The government has previously briefed this

13   issue in its motion to dismiss plaintiff's complaint.  Rather than repeat those arguments

14   here, the government incorporates by reference its prior filings.  Docket No. 33

15   (government's motion to dismiss 5:1-12:19); docket no. 38 (government's reply on

16   motion to dismiss 1:11-8:3).

17                 **2.     Plaintiff Has Not Shown That He Should Be Allowed To Proceed**

18                        **Using A Pseudonym.**

19          Summary judgment should be denied because plaintiff has not shown that he

20   should be allowed to proceed using a pseudonym in this case.  This is sufficient standing

21   alone to deny plaintiff's motion.  The government has previously briefed this issue in its

22   motion to dismiss.  Rather than repeat those arguments here, the government

23   incorporates by reference its prior filings.  Docket No. 33 (government's motion to

24   dismiss 12:20-20:15); docket no. 38 (government's reply on motion to dismiss 8:4-

25   10:15).

26   / / /

27   / / /

28   / / /

**3.**  **Genuine Disputes Of Material Fact Exist As To Whether The Funds Seized From Plaintiff's Box Are Subject To Forfeiture.**

In United States v. Mills, 991 F.2d 609, 612 (9th Cir. 1993), the Ninth Circuit noted "[g]enerally, a Rule 41(g) motion is properly denied if . . . the property is contraband or subject to forfeiture." Id. at 612 (citation and internal quotation marks omitted). In this case, genuine disputes of material fact exist as to whether the funds in plaintiff's box are subject to forfeiture. Plaintiff has offered no evidence at all showing that the funds, regardless of the amount of currency plaintiff argues was in the box, were derived from legitimate sources and are therefore not subject to forfeiture. Accordingly, plaintiff's motion is properly denied for the sole reason that he has "fail[ed] to carry his initial burden of production." Nissan Fire & Marine Ins. Co., 210 F.3d at 1102-03. Nonetheless, the government has offered evidence that the funds have sufficient indicia of drug trafficking to warrant their forfeiture under the applicable aggregate of the facts test. For that reason as well, plaintiff's motion should be denied.

The funds in plaintiff's box are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(C), because they represent or are traceable to proceeds of illegal narcotic trafficking, or were intended to be furnished in exchange for drugs, i.e., a proceeds theory. In addition, the funds are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A), because they were involved in actual or attempted money laundering in violation of 18 U.S.C. §§ 1956 and 1957, i.e., a facilitation theory. Either theory permits the forfeiture of the funds.

It is settled law that the government may discharge its burden of proving that assets are subject to forfeiture with circumstantial evidence and is not required to offer direct evidence to establish forfeiture. Because the government is entitled to prove that assets are subject to forfeiture with circumstantial evidence, the government is not required to trace assets to particular drug transactions.[2]

---

[2] See, e.g., United States v. Parcels of Land, 903 F.2d 36, 38 (1st Cir. 1990) (affirming forfeiture judgment for government: "the government need not trace the

*(footnote cont'd on next page)*

1   Courts recognize that the clandestine nature of drug activity typically makes direct

2   evidence of the drug activity (<u>e.g.</u>, records reflecting dates and parties to illegal

3   transactions and monies paid for the illegal activity) unavailable.  Accordingly, proof

4   linking assets to drug trafficking "is likely to be circumstantial, revealing unexplained

5   wealth in conjunction with evidence of drug trafficking."  <u>United States v. Daccarett</u>, 6

6   F.3d 37, 56 (2d Cir. 1993) (internal quotation marks and citation omitted).

7   The fact that circumstantial evidence is properly offered to prove that assets are

8   subject to forfeiture is also shown by the test that courts employ to make this

9   determination.  Under the applicable test, which is called the aggregate of the facts test,

10  the fact-finder considers all of the facts indicative of the alleged illegal activity

11  cumulatively, with no single factor being dispositive, in order to decide whether there is

12  a sufficient nexus between assets and the alleged illegal activity.  <u>United States v. U.S.</u>

13  <u>Currency, $42,500.00</u>, 283 F.3d 977, 980-82 (9th Cir. 2002).  Here, the circumstantial

14  evidence under the aggregate of the facts test is more than sufficient to establish a

15  genuine issue of material fact as to a sufficient nexus between the funds and drug

16  trafficking to warrant forfeiture under a proceeds or facilitation theory.

17  As set forth in attached declaration of United States Postal Inspector Lyndon

18  Versoza, the facts showing the drug-defendants nexus under the aggregate of the facts

19  test and lead Inspector Versoza to conclude that that cash is linked to drug trafficking are

20  (1) the canine alert; (2) the large amount of currency within the box; (3) the bundling and

21  rubber-banding of the currency, including the fact that the bundles had different amounts

22  of cash and denominations within each bundle; and (4) there was currency without bank

23  wrappers and consisting of old bills.  Versoza Decl. ¶¶ 6-11.  These facts, and the

24  reasons they show the requisite drug-currency link, are more fully discussed in the

25

26  property to specific drug transactions"); <u>United States v. 1982 Yukon Delta Houseboat</u>,
    774 F.2d 1432, 1435 n.4 (9th Cir. 1985) ("[t]here is no need to tie the [property] to
27  proceeds of a <u>particular identifiable</u> illicit drug transaction") (citation omitted and
    emphasis in original); <u>United States v. Funds in the Amount of Forty-Five Thousand</u>
28  <u>Fifty Dollars</u>, 2007 WL 2323307, * 5 (N.D. Ill. Aug. 9, 2007)  ("[n]umerous courts have
    held that the government need not trace seized property back to a specific illegal
    transaction in order to meet its burden of proof at trial") (citations omitted).

9

declaration.   In addition, the law that shows that these factors are relevant to establish the nexus, is set forth below.

A trained, state-certified narcotic detection canine alerted to the funds.  Courts within the Ninth Circuit and elsewhere have held that a narcotic detection canine alert, from a trained narcotic detection canine such as the canine involved here, is a factor that circumstantially establishes the link between assets and drug trafficking.[3]

The existence of a substantial amount of currency in plaintiff's box is another factor showing the requisite drug-currency link, as the Ninth and other Circuits have ruled that possession of a large amount of cash, standing alone, is evidence that connects the cash to drug trafficking.[4]  Further, the bundling of the currency, particularly here where the bundles are non-uniform and contain different amounts of currency, and the rubber-banding of the funds are also factors that establish the requisite link.[5]

---

[3] See, e.g., United States v. Currency U.S. $42,500.00, 283 F.3d 977, 982-83 (9th Cir. 2002) (in affirming summary judgment granted in favor of the government forfeiting the defendant asset, the Ninth Circuit noted that a canine alert is probative of the drug-currency link); United States v. $22,474.00 in U.S. Currency, 246 F.3d 1212 (9th Cir. 2001) (in affirming summary judgment granted in favor of the government forfeiting the defendant asset, the Ninth Circuit noted that a canine alert is probative of the drug-currency link); see also United States v. $132,245.00 in U.S. Currency, 764 F.3d 1055, 1058-59 (9th Cir. 2014) (in deciding that a forfeiture was not constitutionally excessive in violation of the Eighth Amendment, the Ninth Circuit noted that drug dog's alert to currency constitutes strong evidence of a connection between funds and drug trafficking).

[4] See, e.g., United States v. $117,920.00 in U.S. Currency, 413 F.3d 826, 829 (8th Cir. 2005) ("Soosan was found with a large amount of cash, $117,920.00, and we have found the possession of lesser amounts of currency to be strong evidence connecting the money to illegal drug activities") (internal quotation marks and citations omitted); United States v. $84,615 in U.S. Currency, 379 F.3d 496, 501 (8th Cir. 2004) ("we have recognized that possession of a large amount of cash (here, nearly $85,000) is strong evidence that the cash is connected with drug activity") (citation omitted); United States v. $129,727 U.S. Currency, 129 F.3d 486, 490 (9th Cir. 1997) (claimant's possession of $115,000.00 standing alone constituted evidence of drug nexus); United States v. Approximately $158,000.00 in U.S. Currency, 2013 WL 1091395, *5 (E.D. Cal. Mar. 15, 2013) ("[t]he Ninth Circuit has recognized that a large amount of money alone may be strong evidence that the money was furnished or intended to be furnished in return for drugs") (internal quotation marks and citations omitted).

[5] See, e.g., United States v. $242,484.00, 389 F.3d 1149, 1161 (11th Cir. 2004) (rubber-banded, bundled currency containing no bank wrappers show money is drug-related); United States v. $12,390, 956 F.2d 801, 806 (8th Cir. 1992) (currency wrapped with rubber bands provided evidence that funds were drug-related); United States v.

*(footnote cont'd on next page)*

10

1   Furthermore, because plaintiff will not reveal his identity, the government cannot

2   obtain discovery as to other facts that are relevant under the aggregate of the facts test,

3   including whether plaintiff has a criminal history or sufficient sources of legal income to

4   justify his possession of over $900,000.[6]   Notwithstanding plaintiff's failure to disclose

5   his name, which would allow the government to obtain evidence on these additional

6   facts, courts have found evidence, lesser than that adduced here, sufficient to grant

7   summary judgment in favor of the government as to forfeitability of assets.[7]   Therefore,

8   even if plaintiff had offered any evidence showing that the funds were derived from a

9   legal source (and plaintiff's failure to do so standing alone is fatal to his motion), there is

10   clearly a genuine issue of material fact that warrants denial of plaintiff's motion.

11   Finally, while the government submits denial is appropriate based upon the

12   arguments set forth above, the government further requests that plaintiff's motion be

13   denied, pursuant to Fed. R. Civ. P. 56(d), until such time as plaintiff identifies himself so

14   that the government can offer additional facts pertaining to matters such as whether

15   plaintiff has a drug history, sufficient legal sources of income to justify his possession of

16   / / /

17   _____

18   $321,470.00, U.S. Currency, 874 F.2d 298, 305 (5th Cir. 1989) ("[t]he packaging in old bundles of cash in small denominations is characteristic of large drug deals").

19   [6] See, e.g., United States v. $22,474.00 in U.S. Currency, 246 F.3d 1212, 1217
20   (9th Cir. 2001) (summary judgment proper because prior drug conviction is probative to establish the link); United States v. Thomas, 913 F.2d 1111, 1116 (4th Cir. 1990)
21   ("history of illegal drug activity," including prior drug arrests and convictions are probative of defendant asset-drug trafficking link); United States v. 6 Fox Street, 480
22   F.3d 38, 44 (1st Cir. 2007) (claimant's lack of legitimate income during the time claimant sold drugs and acquired the defendant assets left district court with "no choice"
      but to grant summary judgment);

23

24   [7] See, e.g., United States v. U.S. Currency, $42,500.00, 283 F.3d 977 (9th Cir.
      2002) (affirming grant of summary judgment forfeiting currency based upon the quantity
25   of currency, packaging of currency and dog alert); United States v. $50,720.00 in U.S.
      Currency, 589 F. Supp. 2d 582, 584 (E.D.N.C. 2008) (granting summary judgment
26   forfeiting currency based on quantity and denominations of currency, location of currency in false bottom of suitcase, drug residue and false story); United States v.
27   $311,570.00 in U.S. Currency, 2013 WL 6162989, *6 (N.D. Ohio Nov. 22, 2013)
      (granting summary judgment forfeiting currency based on quantity and packaging of
28   currency, dog alert, initial denial of knowledge of currency, marijuana residue and
      number in cellular telephone linking claimant to known drug dealer).

11

1  the funds found in his box, and any other information pertaining to the issue of whether

2  the funds are subject to forfeiture.  Rodgers Decl. ¶ 3.

3  **IV.    CONCLUSION.**

4        For the foregoing reasons, the government respectfully requests that plaintiff's

5  motion be denied.

6  Dated: July 2, 2021                   Respectfully submitted,

7                                    TRACY L. WILKISON
     Acting United States Attorney

8                                    SCOTT M. GARRINGER
     Assistant United States Attorney

9                                    Chief, Criminal Division

10                                         /s/
                             _____

11                                    ANDREW BROWN
     VICTOR A. RODGERS

12                                    MAXWELL COLL
     Assistant United States Attorneys

13                                    Attorneys for Defendants

14                                    UNITED STATES OF AMERICA, et al.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

12