Benjamin N. Gluck - State Bar No. 203997
  bgluck@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
  nvandyk@birdmarella.com
Ashley D. Bowman - State Bar No. 286099
  abowman@birdmarella.com
Naomi S. Solomon - State Bar No. 321357
  nsolomon@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff Charles Coe

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARLES COE,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>UNITED STATES OF AMERICA; TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>　　　　Defendants. | CASE NO. 2:21-cv-03019-RGK (MAR)<br><br>**PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF LYNDON VERSOZA**<br><br>*[Filed Concurrently with: Plaintiff's Reply In Further Support of His Motion for Return of Property; and Declaration of Benjamin N. Gluck]*<br><br>Date:　July 26, 2021<br>Time:　9:00 a.m.<br>Crtrm.: 850<br><br>Assigned to Hon. R. Gary Klausner<br><br>Complaint Filed: April 7, 2021 |

3730740.2

PLAINTIFF'S EVIDENTIARY OBJECTIONS TO DECLARATION OF LYNDON VERSOZA

Plaintiff Charles Coe hereby submits his evidentiary objections to the Declaration of Lyndon Versoza ("Versoza") (Dkt. No. 45-1) that was filed in support of the Government's Opposition to Plaintiff's Motion for Return of Property:

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| 1. "I know that persons who engage in drug trafficking typically receive payments from their drug trafficking customers in cash. . . .  I also know that drug traffickers would often want to separate cash from their identity." (Versoza Decl. ¶ 4, Dkt. No. 45-1 at 13:5-10.) | **Lacks Foundation/Improper Opinion:** Versoza establishes no basis in his professional experience or stated law enforcement expertise for the proffered testimony.  Whereas his testimony relates to drug trafficking offenses, his stated expertise and training relates to money laundering, child exploitation/sex trafficking, and customs enforcement.  Moreover, he asserts no basis for personal knowledge regarding the proffered statements.  (*See* Versoza Decl. ¶¶ 1- 3, Dkt. No. 45-1 at 13:2-14:2.)  Fed. R. Evid. 602, 702.  *See LeBlanc v. City of Los Angeles*, No. CV 04–8250 SVW (VBKx), 2006 WL 4752614, at *9 (C.D. Cal. | Sustained __ Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | Aug. 16, 2006) (former LA County Sheriff's testimony that Taser weapon may cause serious injury or death was inadmissible because it was beyond his expertise). | |
| 2. "According to an official count conducted relative to the funds law enforcement officers found in box number 904 at U.S. Private Vaults, a total of $914,700.00 in cash was situated within that box." (Versoza Decl. ¶ 6, Dkt. No. 45-1 at 14:14-18.) | **Best Evidence Rule:** Versoza's testimony is offered to prove the contents of a document containing the "official count" of currency in box 904. The document is the best evidence of its contents. Fed. R. Evid. 1002, *et seq*.<br><br>**Hearsay:** Versoza's testimony regarding the "official count" is barred by the rule against hearsay. Fed. R. Evid. 802. | Sustained __<br>Overruled __ |
| 3. "There was no contact or ownership information within that box, so the owner of the funds situated therein is not | **Lacks Foundation:** Versoza offers no foundation for his testimony regarding the contents of box 904—he does not assert | Sustained __<br>Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| known to law enforcement officers." <br> (Versoza Decl. ¶ 6, Dkt. No. 45-1 at 14:16-18.) | that he was present during the search or seizure of the box or that he has reviewed its contents. Fed. R. Evid. 602. <br><br> **Hearsay:** To the extent Versoza's testimony is based on statements by other law enforcement officers or his review of documents, it is barred by the rule against hearsay. Fed. R. Evid. 802. <br><br> **Best Evidence Rule:** To the extent Versoza is testifying regarding the contents of inventories or other records, those records are required to prove their contents. Fed. R. Evid. 1002, *et seq.* | |
| 4. "I reviewed the declaration of the canine handler, which provides that the handler's trained, state certified narcotic detection | **Hearsay:** Versoza's testimony to prove the truth of matters contained in the out-of-court statements of the canine handler is barred by the rule against | Sustained __ <br> Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| canine alerted on March 24, 2021 to the scent of controlled substances emanating from the cash in box number 904." (Versoza Decl. ¶ 7, Dkt. No. 45-1 at 14:19-21.) | hearsay. Fed. R. Evid. 802. **Best Evidence Rule:** The declaration of the canine handler is required to prove its contents. Fed. R. Evid. 1002, *et seq.* | |
| 5. "Having over $900,000 in cash, which is an extremely large amount, and coupled with the canine alert and the bundling, rubber-banding and other characteristics of the cash that I describe below, indicates that the owner of the funds in Box 904 is either a top-level drug trafficker or money launderer." (Versoza Decl. ¶ 8, Dkt. No. 45-1 at 14:26-15:1.) | **Lacks Foundation/Improper Opinion:** Versoza establishes no basis in his professional experience or stated law enforcement expertise for the proffered testimony. Whereas his testimony relates to drug trafficking offenses, his stated expertise and training relates to money laundering, child exploitation/sex trafficking, and customs enforcement. (*See* Versoza Decl. ¶¶ 1- 3, Dkt. No. 45-1 at 13:2-14:2.) Fed. R. Evid. 702; *LeBlanc*, 2006 WL 4752614, at *9. Additionally, Versoza's opinion that the currency in box 904 is evidence | Sustained __ Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | of drug trafficking or money laundering is expressly contradicted by the purported basis for this opinion—that "successful and professional drug traffickers and money launderers rarely have so much cash"—and, therefore, is unreliable. *See* Fed. R. Evid. 702(d); *Guidroz-Brault v. Missouri Pac. R. Co.*, 254 F.3d 825, 831 (9th Cir. 2001) (expert opinion inadmissible where "not sufficiently founded on facts"); *Snyder v. Bank of Am., N.A.*, No. 15-CV-04228-KAW, 2020 WL 6462400, at *6 (N.D. Cal. Nov. 3, 2020) (expert opinion that contradicts expert's own testimony "renders his opinions unreliable").<br><br>**Hearsay/Best Evidence Rule:** The factual assertions in Versoza's testimony should be stricken because they are not | |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | based on his personal knowledge, and are otherwise inadmissible under the hearsay and best evidence rules. Fed. R. Evid. 602, 802, 1002, *et seq*. | |
| 6. "Based on my review of the video of the inventory of Box number 904 . . . . and other bundles had paper bank bands." | **Best Evidence Rule:** The recording referenced by Versoza is required to prove its contents. Fed. R. Evid. 1002, *et seq*. | Sustained __ <br> Overruled __ |
| 7. "Based on the factors I observed above, I believe that the cash bundles totaling $914,700.00 are indicative of drug trafficking or money laundering." (Versoza Decl. ¶ 10, Dkt. No. 45-1 at 15:12-13.) | **Lacks Foundation/Improper Opinion:** As set forth above, and incorporated herein, Versoza establishes no basis in his professional experience or stated law enforcement expertise for the proffered testimony and his opinion is contradicted by his own testimony. Fed. R. Evid. 702; *Guidroz-Brault*, 254 F.3d at 831; *Snyder*, 2020 WL 6462400 at *6; *LeBlanc*, 2006 WL 4752614, at *9. Moreover, his testimony is based entirely on facts that are not admissible in | Sustained __ <br> Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
|  | evidence and thus may not be considered for purposes of summary judgment. Fed. R. Civ. P. 56(c)(4). *See Desert Wind Energy, LLC v. Wind Power Partners 1993 LP*, No. EDCV 08-1092-VAP (JWJx), 2010 WL 11596533, *4 (C.D. Cal. Mar. 1, 2010) (expert affidavit submitted at summary judgment must "set out facts that would be admissible in evidence"); *Reed v. NBTY, Inc.*, No. EDCV 13-0142 JGB (OPx), 2014 WL 12284044, at *4 (C.D. Cal. Nov. 18, 2014) (finding expert opinions inadmissible where, as here, the expert failed to attach or authenticate the documents relied upon as the basis for opinions: "The Court will not simply assume that the experts have accurately quoted or characterized those documents") (quoting *Harris v. Extendicare Homes, Inc.*, 829 F. |  |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | Supp. 2d 1023, 1027 (W.D. Wash. 2011)). | |
| 8. "Because the cash bundles were packaged inconsistently from one another, in varying denominations, I believe that the cash bundles would have likely been received from different sources during different illegal financial transactions and not withdrawn from banks." (Versoza Decl. ¶ 10(a), Dkt. No. 45-1 at 15:14-17.) | **Lacks Foundation/Improper Opinion:** As set forth above, and incorporated herein, the proffered testimony is based entirely on facts that are not admissible in evidence. Accordingly, it may not be considered for purposes of summary judgment. Fed. R. Civ. P. 56(c)(4); *Desert Wind Energy*, 2010 WL 11596533, at *4; *Reed*, 2014 WL 12284044, at *4. Moreover, there is no evidence, admissible or otherwise, regarding the source of any of the currency, which renders Versoza's opinion that the bundles were received during "different illegal financial transactions" unreliable and without foundation. Fed. R. Evid. 702; *Guidroz-Brault*, 254 F.3d at 831. | Sustained __<br>Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | **Hearsay/Best Evidence Rule:** The factual assertions in Versoza's testimony should be stricken because they are not based on his personal knowledge, and are otherwise inadmissible under the hearsay and best evidence rules.  Fed. R. Evid. 602, 802, 1002, *et seq*. | |
| 9.  "As previously mentioned, some of the cash bundles appeared to have broken rubber bands which I know to mean that the rubber bands that wrapped the cash were old and had lost their elastic properties, and therefore the cash held by the rubber bands would have been sitting for a long time."  (Versoza Decl. ¶ 10(b), Dkt. No. 45-1 at 15:22-25.) | **Lacks Foundation/Improper Opinion:**  As set forth above, and incorporated herein, the proffered testimony is based entirely on facts that are not admissible in evidence.  Accordingly, it may not be considered for purposes of summary judgment.  Fed. R. Civ. P. 56(c)(4); *Desert Wind Energy*, 2010 WL 11596533, at *4; *Reed*, 2014 WL 12284044, at *4.  Moreover, there is no evidence, admissible or otherwise, regarding the length of time the rubber bands were | Sustained __ Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | affixed to the cash—i.e., old rubber bands could have been placed on cash at any time—which renders Versoza's opinion that the "cash held by the rubber bands would have been sitting for a long time" unreliable and without foundation. Fed. R. Evid. 702; *Guidroz-Brault*, 254 F.3d at 831.<br><br>**Hearsay/Best Evidence Rule:** The factual assertions in Versoza's testimony should be stricken because they are not based on his personal knowledge, and are otherwise inadmissible under the hearsay and best evidence rules. Fed. R. Evid. 602, 802, 1002, *et seq*. | |
| 10. "Due to inflation, I believe that legitimate business or persons do not generally hold over $900,000 in cash in a storage vault." | **Lacks Foundation/Improper Opinion:** Versoza establishes no basis in his professional experience or stated law enforcement expertise for the | Sustained __<br>Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| (Versoza Decl. ¶ 10(b), Dkt. No. 45-1 at 15:25-26.) | proffered testimony regarding the effect of inflation on investment decisions and the storage of valuables.  Fed. R. Evid. 702; *LeBlanc*, 2006 WL 4752614, at *9.  Moreover, Versoza's opinion states no facts regarding the rate of inflation on which the opinion is based and thus may not be considered for purposes of summary judgment. Fed. R. Civ. P. 56(c)(4); *Desert Wind Energy*, 2010 WL 11596533, at *4; *Reed*, 2014 WL 12284044, at *4. | |
| 11.  "The average cost of yearly inflation of 3.1% would mean that the storage is costing its owner almost $30,000 per year." (Versoza Decl. ¶ 10(b), Dkt. No. 45-1 at 15:26-28.) | **Lacks Foundation:**  Versoza offers no foundation for his testimony regarding the rate of inflation or the cost of storage.  Fed. R. Evid. 602.<br><br>**Hearsay:**  To the extent Versoza's testimony regarding the rate of inflation and cost of storage are based on statements | Sustained __<br>Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| | by other law enforcement officers or his review of documents, it is barred by the rule against hearsay.  Fed. R. Evid. 802.<br><br>**Best Evidence Rule:**  To the extent Versoza is testifying regarding the contents of documents, those records are required to prove their contents.  Fed. R. Evid. 1002, *et seq.* | |
| 12.  "Based upon the facts set forth above and my training and experience, it is my opinion that the fund in box number 904 constitute proceeds of drug trafficking, were used or were intended to be used to facilitate drug law violations, or were involved in or were intended to be involved in money laundering transactions." | **Lacks Foundation/Improper Opinion:**  As set forth above, and incorporated herein, Versoza establishes no basis in his professional experience or stated law enforcement expertise for the proffered testimony and his opinion is contradicted by his own testimony.  Fed. R. Evid. 702; *Guidroz-Brault*, 254 F.3d at 831; *Snyder*, 2020 WL 6462400, at *6; *LeBlanc*, 2006 WL 4752614, at *9.  Moreover, his | Sustained __<br>Overruled __ |

| EVIDENCE | BASIS OF OBJECTION | RULING |
|---|---|---|
| (Versoza Decl. ¶ 11, Dkt. No. 45-1 at 16:1-4.) | testimony is based entirely on facts that are not admissible in evidence and thus may not be considered for purposes of summary judgment. Fed. R. Civ. P. 56(c)(4); *Desert Wind Energy*, 2010 WL 11596533, at *4; *Reed*, 2014 WL 12284044, at *4. | |

DATED: July 12, 2021

Benjamin N. Gluck
Nicole R. Van Dyk
Ashley D. Bowman
Naomi S. Solomon
Bird, Marella, Boxer, Wolpert, Nessim, Drooks, Lincenberg & Rhow, P.C.


By:   */s/ Benjamin N. Gluck*
        Benjamin N. Gluck
    Attorneys for Plaintiff Charles Coe