UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

| Proceedings: | (IN CHAMBERS) Order Re: Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [DE 33] |
|---|---|

## I.  INTRODUCTION

On April 7, 2021, an individual proceeding under the fictitious name Charles Coe ("Plaintiff")[1] filed a complaint against (1) the United States of America, (2) Tracy L. Wilkinson in her official capacity as Acting United States Attorney for the Central District of California, and (3) Kristi Koons Johnson in her official capacity as the Assistant Director in Charge of the Los Angeles Field Office of the FBI (collectively, "Defendants," or "the Government"). Plaintiff asserts claims for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)"), and for violation of Plaintiff's rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiff's claims arise from the Government's allegedly unlawful seizure and search of Plaintiff's personal property which was located in safe deposit box number 904 on the premises of non-party United States Private Vaults.

Presently before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction and Failure to State a Claim Upon Which Relief Can Be Granted Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). ("Motion") (ECF No. 33). For the reasons that follow, the Court **DENIES** Defendants' Motion.

---

[1]  Plaintiff filed this lawsuit under a fictious name, and makes no representations about Plaintiff's gender, to protect herself or himself from the risk of criminal prosecution, harassment, retaliation, and embarrassment. (Complaint ¶ 5, ECF No. 1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

## II.  FACTUAL BACKGROUND

Unless otherwise noted, the following factual background is drawn from Plaintiff's complaint:

Non-party United States Private Vaults ("USPV") offers its customers a unique service. The company, located at a strip mall in Beverly Hills, California, rents safe deposit boxes. But USPV's offerings, designed to provide customers with increased privacy and security, differ from those available at a typical bank in several material ways. First, USPV identifies its customers through encrypted biometric information—an iris scan—and does not use other personal identifying information related to its customers. Second, USPV does not keep keys to its customers' boxes. Customers maintain all keys to their boxes and can access the vault containing their boxes only through an iris scan or biometric hand geometry scan. Third, USPV offers 24/7 monitoring by the ADT security company as well as onsite motion detectors, heat sensors, and other sophisticated security measures to detect the presence of intruders after regular business hours. Finally, USPV offers insurance for each safe deposit box up to $500,000 per box.

USPV has between 600 and 1000 safe deposit boxes which it rents to hundreds of different customers. Plaintiff rented box number 904 where Plaintiff kept property—namely, currency.

USPV's business model attracted the Government's attention. A grand jury indicted USPV for conspiring with its customers to launder money, distribute drugs, and structure financial transactions to avoid currency reporting requirements. (Motion at 3). From March 22, 2021 through March 26, 2021, federal law enforcement agents acting at the direction of the United States Attorney's Office ("USAO") for the Central District of California conducted a search of USPV and seized every safe deposit box contained in the facility, including box number 904.

On March 24, 2021, counsel for Plaintiff requested a copy of the warrant authorizing the search and seizure operations at USPV and the return of Plaintiff's property. But the Assistant U.S. Attorney in charge of the investigation refused to provide a copy of the warrant unless counsel disclosed Plaintiff's name, which was unknown to USPV and the Government.

Plaintiff alleges on information and belief that the Government intends to refuse the return of property to any USPV box holder who refuses to waive his or her Fifth Amendment right against self-incrimination. Specifically, Plaintiff alleges that the Government intends to subject every box holder that comes forward to claim his or her property to a criminal investigation. Only if Plaintiff (and other box owners) can convince the USAO that they legally obtained their property will the Government return it to them. Thus, for Plaintiff to vindicate his or her Fourth Amendment right to be free from unreasonable searches and seizures, Plaintiff must forego his or her Fifth Amendment right against self-incrimination.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

Since March 26, 2021, USPV's Beverly Hills storefront has been closed. Affixed to the door is a sign that bears the seal of the FBI and states: "Please go to the following link to initiate a claim for your US Private Vaults box: **forms.fbi.gov/uspvclaims**[.]" (Compl. ¶ 17). The website, in turn, states: "To make a claim for property stored at U.S. Private Vaults in Beverly Hills, California, please provide the following information. An FBI agent will contact you for additional details." Below this statement is a form that requires a claimant to provide his or her first name, middle name, last name, and "best contact number." (*Id.* ¶ 18).

To date, Plaintiff's property remains in the Government's possession. Though Plaintiff's property is not contraband, Plaintiff has no possible method to recover the property seized by the Government unless Plaintiff subjects herself or himself to criminal investigation by identifying herself or himself to the Government.

### III. JUDICIAL STANDARD

#### A. 12(b)(1): Dismissal for Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction and are "presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock W., Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). A party may move to dismiss a claim for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). When subject matter jurisdiction is challenged under Rule 12(b)(1), the plaintiff has the burden of establishing jurisdiction. *Kingman Reef Atoll Investments, L.L.C. v. United States*, 541 F.3d 1189, 1197 (9th Cir. 2008).

#### B. Dismissal for Failure to State a Claim Upon Which Relief Can be Granted

Under Rule 12(b)(6), a party may move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if the plaintiff alleges enough facts to draw a reasonable inference that the defendant is liable. *Iqbal*, 556 U.S. at 678. A plaintiff need not provide detailed factual allegations, but must provide more than mere legal conclusions. *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

When ruling on a Rule 12(b)(6) motion, the Court must accept well-pled factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *See Autotel v. Nev. Bell. Tel. Co.*, 697 F.3d 846, 850 (9th Cir. 2012). Dismissal "is appropriate only where the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

**IV. DISCUSSION**

The Government moves to dismiss Plaintiff's Complaint on two grounds. First, the Government argues that the Court lacks subject matter jurisdiction. Second, the Government argues that Plaintiff fails to state a claim upon which relief can be granted because Plaintiff is proceeding under a pseudonym. For the reasons that follow, the Court finds neither argument persuasive.

**A. Subject Matter Jurisdiction**

The Government argues that the Court must dismiss this action for lack of subject matter jurisdiction because Plaintiff cannot establish that the Court has equitable jurisdiction over Plaintiff's claim for return of property under Rule 41(g). This argument ignores the fact that Plaintiff asserts a claim for violations of the Fourth and Fifth Amendment, over which it appears the Court has federal question jurisdiction pursuant to 18 U.S.C. § 1331. Because the Government does not challenge this Court's exercise of federal question jurisdiction over Plaintiff's Fourth and Fifth Amendment claim, the Government's Motion is denied as to that claim.

As for Plaintiff's Rule 41(g) claim, the Government argues that the Court lacks equitable jurisdiction because Plaintiff has an adequate remedy at law. The Government cites Ninth Circuit law for the proposition that courts should deny Rule 41(g) motions, which are equitable in nature, when an adequate remedy at law exists. *See United States v. Elias*, 921 F.2d 870, 871, 875 (9th Cir. 1990) (affirming district court's denial of Rule 41 motion for return of property where property owner had an adequate remedy at law). Here, however, the Government's argument is premature. The Court has yet to consider Plaintiff's pending motion for return of property, (ECF No. 25), which more fully briefs the jurisdictional issue. The Court therefore declines to consider whether the Court has jurisdiction "to fashion an equitable remedy to secure justice for [Plaintiff],"[2] at this juncture, and will do so as necessary in resolving Plaintiff's motion for return of property.

**B. Whether Plaintiff Has Stated A Claim**

The Federal Rules of Civil Procedure establish a system of notice pleading. To advance past the pleading stage, notice pleading requires a complaint to put the defendant on notice of the plaintiff's

---

[2] *See United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

claims. To that end, "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Here, Plaintiff alleges that Plaintiff rented box number 904 at USPV, that the Government seized the contents of that box, and that the Government continues to seize the property in violation of Plaintiff's constitutional rights. These allegations are sufficient to put the Government on notice and to state plausible claims for violation of the Fourth and Fifth Amendment and for return of property.

### C. Whether Plaintiff May Proceed Under a Pseudonym

Plaintiff's name is not Charles Coe—Plaintiff sued under that pseudonym to protect herself or himself from the risk of criminal prosecution, harassment, retaliation, and embarrassment.

The Government moves to dismiss Plaintiff's Complaint under Rule 12(b)(6) on the grounds that Plaintiff should not be allowed to proceed with this case anonymously. For the reasons that follow, the Court disagrees.

At common law, the public generally had a right of access to judicial proceedings. *See Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000). Thus, plaintiffs generally must proceed in a lawsuit under the plaintiff's own name. *Id.; see also* Fed. R. Civ. P 10(a) ("The title of the complaint must name all the parties[.]"). The Ninth Circuit has carved out an exception to this rule, however, and allows "parties to proceed anonymously when special circumstances justify secrecy." *Does I thru XXIII*, 214 F.3d at 1067. Under this exception, "a party may preserve his or her anonymity in judicial proceedings . . . when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity." *Id.* at 1068.

In cases where, as here, the plaintiff sues anonymously to shield herself or himself from retaliation, courts determine the need for anonymity by evaluating the following factors: "(1) the severity of the threatened harm, . . . (2) the reasonableness of the anonymous party's fears, . . . ; and (3) the anonymous party's vulnerability to such retaliation . . . ." *Id.* "The court must also determine the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Id.* "Finally, the court must decide whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Id.*

The Court considers these factors in turn.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

1. *Severity of the Threatened Injury*

First, the threatened harm to Plaintiff is severe. Plaintiff alleges that the contents of box 904 were non-contraband, that the Government seized the contents of box 904 without particularized probable cause, and that the Government continues to hold Plaintiff's property without justification. Assuming these allegations are true, requiring Plaintiff to reveal Plaintiff's identity to the Government for no good reason would be an unjustified invasion of Plaintiff's right to be free from unreasonable seizures and from self-incrimination.

The Government does not deny that it wants Plaintiff's name so that it may investigate Plaintiff. But not to worry, the Government says, "an investigation is merely an attempt to learn the truth, and attempting to do so is not an 'injury' at all, let alone a severe one." (Motion at 17). This argument is specious. The Government wields the awesome power to seize property from private citizens when the Government has probable cause to believe the property is contraband. But the Government is not authorized to compel a private citizen whose property the Government has indiscriminately seized to come forth and self-identify so that the Government may investigate that person.

2. *Reasonableness of Plaintiff's Fear*

Second, Plaintiff's fear that the Government will subject Plaintiff to an investigation if Plaintiff is not allowed to proceed under a pseudonym is not only reasonable but confirmed by the Government's own briefing. (*See generally*, Motion).

3. *Plaintiff's Vulnerability to Retaliation*

Third, Plaintiff is vulnerable to retaliation from the Government in the form of a criminal investigation. As noted under the first and second factors above, the Government concedes that it wants to learn Plaintiff's name so that the Government may initiate an investigation against Plaintiff.

The Government argues that Plaintiff is not vulnerable to the threatened harm because Plaintiff is "a wealthy person living in the United States who has the means to hire a large law firm to do his bidding and spend well over a thousand dollars a year to store items anonymously at USPV." (Motion at 20). This argument is misguided. Though Plaintiff may indeed be "a wealthy person," Plaintiff is also a "person living in the United States," and is therefore afforded the protections of the United States Constitution. To require Plaintiff to self-identify in this lawsuit would require Plaintiff to forfeit the Fifth Amendment right to not incriminate one's self. Whether Plaintiff is wealthy or poor, a criminal or a model-citizen, to require Plaintiff to self-identify would leave Plaintiff vulnerable to the investigatory powers of the federal government.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

   4.   *Prejudice to the Government*

Under the fourth factor, the Court must consider "the precise prejudice at each stage of the proceedings to the opposing party, and whether proceedings may be structured so as to mitigate that prejudice." *Does I thru XXIII*, 214 F.3d at 1067.

Here, the Government asserts that it is prejudiced by Plaintiff's anonymous prosecution of this case because the Government needs to confirm that Plaintiff is the boxholder of box number 904, "which is especially troublesome given USPV's anonymous business model." (Motion at 14). The Government further asserts that "[i]t would be reckless for the government to resolve a case by agreeing to return property to an anonymous plaintiff because the government has no way of knowing whether he actually has a property interest in anything; the true owner could show up later." (*Id.*)

The Court recognizes the difficulty that the Government faces in ensuring that it returns the items that it seized to the items' rightful owners. But these proceedings may be structured so as to mitigate any prejudice that this difficulty may pose. As the Government notes, USPV did not maintain the names of its box owners. It is therefore unclear how learning Plaintiff's true name would help the Government establish whether Plaintiff is in fact the lawful owner of the property seized from box number 904. Though the Court cannot predict how this case will ultimately resolve at the pleading stage, the Court is satisfied that the Government's concerns can be mitigated. For example, Plaintiff proposes to establish ownership of box number 904 by matching Plaintiff's key to the box. Alternatively, or additionally, Plaintiff could confirm her or his identity via iris scan or biometric hand geometry scan, using the scanners that the Government seized from USPV and maintains in its possession.

The Government also asserts that it needs "to determine whether [P]laintiff lawfully possessed the items" seized from box number 904. (*See* Motion at 15). If the Government believes that Plaintiff did not lawfully possess the contents of box number 904, the Government can, of course, defend this suit on that basis. But the Government has made no showing that Plaintiff possessed the items seized from box number 904 unlawfully. Because the Government has not come forth with anything more than pure conjecture that Plaintiff *might* have unlawfully possessed the items seized from box number 904, the Court finds that Plaintiff's interest in anonymity outweighs any prejudice to the Government.

   5.   *The Public Interest*

Under the fifth factor, the Court considers "whether the public's interest in the case would be best served by requiring that the litigants reveal their identities." *Does I thru XXIII*, 214 F.3d at 1067.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | July 23, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

The public interest in having parties use their real names "is loosely related to [(1)] the public's right to open courts, . . . and [(2)] the right of private individuals to confront their accusers[.]" *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Est.*, 596 F.3d 1036, 1042 (9th Cir. 2010). As to the first right, the Ninth Circuit has recognized that there is a "'public interest in understanding the judicial process' [which] has supported [the] 'general history of access[]'" to court proceedings. *Id.* at 1044. The second right is not at issue here because neither of the individual Defendants are sued in their private, individual capacity.

While the public has an interest in open court proceedings, the public also has an interest in "be[ing] secure in their persons, houses, papers, and effects, against unreasonable searches and seizures[.]" U.S. Const. amend. IV. And an interest in the right of private citizens to avoid self-incrimination. U.S. Const. amend. V. The Government is alleged to have seized Plaintiff's property without individualized probable cause. The Government has made no showing that there is anything illicit about the property it seized from box number 904. To get the property back, the Government wants to require Plaintiff to identify herself or himself. After Plaintiff self-identifies, the Government concedes that it will open an investigation into Plaintiff. The Government's conduct in connection with the March 22, 2021 seizure and subsequent conduct in this litigation raise serious Fourth and Fifth Amendment issues that are of interest to the public. At this juncture, the Court finds that the interest in having litigants use their true names in court does not outweigh the interest in these Fourth and Fifth Amendment issues.

In summary, at this time, Plaintiff's asserted need for anonymity outweighs any prejudice to the Government and the public's interest in knowing Plaintiff's identity. The Court therefore denies the Government's motion to dismiss the Complaint for Plaintiff's use of a pseudonym.

### V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** the Government's Motion.

**IT IS SO ORDERED.**

:

Initials of Preparer