TRACY L. WILKISON
Acting United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
ANDREW BROWN (Cal. Bar No. 172009)
VICTOR A. RODGERS (Cal. Bar No. 101281)
MAXWELL COLL (Cal. Bar No. 312651)
Assistant United States Attorneys
Major Frauds/Asset Forfeiture/
General Crimes Sections
    1100/1400/1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-0102/2569/1785
    Facsimile: (213) 894-6269/0142/0141
    E-mail: Andrew.Brown@usdoj.gov
           Victor.Rodgers@usdoj.gov
           Maxwell.Coll@usdoj.gov

Attorneys for Defendants
UNITED STATES OF AMERICA, et al.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| CHARLES COE,<br><br>    Plaintiff,<br><br>        v.<br><br>UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>    Defendants. | Case No. 2:21-cv-03019-RGK-MAR<br><br>**DEFENDANTS UNITED STATES OF AMERICA, TRACY L. WILKISON (OFFICIAL CAPACITY) AND KRISTI KOONS JOHNSON (OFFICIAL CAPACITY)'S ANSWER TO COMPLAINT** |

    Defendants United States of America, Tracy L. Wilkison and Kristi Koons Johnson (collectively, "defendants") answer the complaint of plaintiff Charles Coe, and allege as follows:

    1.    Deny the allegations of paragraph 1 of the Complaint, except admit that Plaintiff has filed this action.

2. Deny the allegations of paragraph 2 of the Complaint.

3. Deny the allegations of paragraph 3 of the Complaint.

4. Deny the allegations of paragraph 4 of the Complaint.

5. Deny that that Defendants have stated their intention to initiate a criminal investigation of Plaintiff in the event Plaintiff discloses his identity and deny knowledge or information sufficient to form a belief as to the remaining allegations of paragraph 5 of the Complaint.

6. Admit that Tracy L. Wilkison is the Acting United States Attorney for the Central District of California, and allege that the remaining allegations of paragraph 6 of the Complaint contain legal argument for which no response is required.

7. Admit that Kristi Koons Johnson is the Assistant Director in Charge of Los Angeles Field Office of the Federal Bureau of Investigation, and allege that the remaining allegations of paragraph 7 of the Complaint contain legal argument for which no response is required.

8. Deny the allegations of paragraph 8 of the Complaint, except admit that the United States of America is comprised of its departments and agencies.

9. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 9 of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 10 of the Complaint, except admit that U.S. Private Vaults ("USPV") is a company located at the address set forth in the Complaint and that rents safe deposit boxes.

11. Deny knowledge or information sufficient to form a belief as to the allegations of paragraph 11 of the Complaint.

12. Deny the allegations of paragraph 12 of the Complaint, except admit that on or around March 22, 2021, law enforcement agents conducted a search at USPV.

13. Deny the allegations of paragraph 13 of the Complaint.

14. Deny the allegations of paragraph 14 of the Complaint, except admit that the government has obtained search and seizure warrants for property situated at USPV, which documents speak for themselves.

15. Deny the allegations of paragraph 15 of the Complaint, except admit a sealing order and warrants were obtained, which documents speak for themselves.

16. Deny the allegations of paragraph 16 of the Complaint.

17. Deny the allegations of paragraph 17 of the Complaint, except admit that there was a sign posted at USPV, which document speaks for itself.

18. Deny the allegations of paragraph 18 of the Complaint, except admit that there was a document accessible via the FBI website, which document speaks for itself.

19. Deny the allegations of paragraph 19 of the Complaint.

20. Deny the allegations of paragraph 20 of the Complaint.

21. Reallege and incorporate by reference the allegations of the preceding paragraphs in response to the allegations of Paragraph 21 of the Complaint.

22. Deny the allegations of paragraph 22 of the Complaint, except admit that search and seizure warrants were obtained in this matter, which documents speak for themselves.

23. Deny the allegations of paragraph 23 of the Complaint, except admit that defendants conducted an inventory search at USPV.

1    24.  Deny knowledge or information as to whether criminal proceedings have been initiated against plaintiff, and deny the remaining allegations of paragraph 24 of the Complaint.

    25.  Deny the allegations of paragraph 25 of the Complaint.

    26.  Deny the allegations of paragraph 26 of the Complaint.

    27.  Reallege and incorporate by reference the allegations of the preceding paragraphs in response to the allegations of Paragraph 27 of the Complaint.

    28.  Allege that the allegations of paragraph 28 of the Complaint contain legal argument for which no response is required.

    29.  Deny the allegations of paragraph 29 of the Complaint.

    30.  Deny the allegations of paragraph 30 of the Complaint, except admit that an inventory search was conducted at USPV.

    31.  Deny the allegations of paragraph 31 of the Complaint.

    32.  Deny the allegations of paragraph 32 of the Complaint.

    33.  Deny the allegations of paragraph 33 of the Complaint.

    34.  Deny the allegations of paragraph 34 of the Complaint.

    35.  Deny the allegations of paragraph 35 of the Complaint.

    36.  Deny the allegations of paragraph 36 of the Complaint.

    37.  Deny the allegations of paragraph 37 of the Complaint.

    38.  Allege that the allegations of paragraph 38 of the Complaint contain legal argument for which no response is required.

    39.  Deny the allegations of paragraph 39 of the Complaint.

    40.  Deny the allegations of paragraph 40 of the Complaint.

    41.  Admit the allegations of paragraph 41 of the Complaint, except deny the allegations concerning the circumstances under which property will be returned.

    42.  Deny the allegations of paragraph 42 of the Complaint.

43. Deny the allegations of paragraph 43 of the Complaint.

44. Deny the allegations of paragraph 44 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. The Court lacks subject matter and equitable jurisdiction over this action.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff has failed to exhaust plaintiff's administrative remedies prior to bringing suit.

### RESERVATION OF RIGHTS

4. Defendants reserve the right to assert additional affirmative defenses or amend these affirmative defenses as warranted.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray that plaintiff take nothing by his complaint, that judgment be awarded in favor of Defendants dismissing plaintiff's complaint with prejudice, that Defendants be awarded

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

their costs of suit incurred herein, and that the Court award Defendants such other and further relief as may be appropriate.

Dated: August 6, 2021                Respectfully submitted,

                                     TRACY L. WILKISON
                                     Acting United States Attorney
                                     SCOTT M. GARRINGER
                                     Assistant United States Attorney
                                     Chief, Criminal Division

                                     _____/s/_____
                                     ANDREW BROWN
                                     VICTOR A. RODGERS
                                     MAXWELL COLL
                                     Assistant United States Attorneys

                                     Attorneys for Defendants
                                     UNITED STATES OF AMERICA, et al.