UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | August 16, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

Present: The Honorable   R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) [DE 25]

## I.   INTRODUCTION

On April 7, 2021, an individual proceeding under the fictitious name Charles Coe ("Plaintiff")[1] filed a complaint against (1) the United States of America, (2) Tracy L. Wilkinson in her official capacity as Acting United States Attorney for the Central District of California, and (3) Kristi Koons Johnson in her official capacity as the Assistant Director in Charge of the Los Angeles Field Office of the FBI (collectively, "Defendants," or "the Government"). Plaintiff asserts claims for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure ("Rule 41(g)"), and for violation of Plaintiff's rights under the Fourth and Fifth Amendments of the Constitution.

Plaintiff's claims arise from the Government's allegedly unlawful seizure and search of Plaintiff's personal property which was located in safe deposit box number 904 on the premises of non-party United States Private Vaults.

Presently before the Court is Plaintiff's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g). ("Motion") (ECF No. 33). For the reasons that follow, the Court conditionally **GRANTS** Plaintiff's Motion in part and **DEFERS RULING** on Plaintiff's Motion in part.

---

[1]   Plaintiff filed this lawsuit under a fictious name, and makes no representations about Plaintiff's gender, to protect herself or himself from the risk of criminal prosecution, harassment, retaliation, and embarrassment. (Complaint ¶ 5, ECF No. 1). For the reasons set forth in the Court's order of July 23, 2021, (ECF No. 49), the Court find that Plaintiff's asserted need for anonymity outweighs any prejudice to the Government and the public's interest in knowing Plaintiff's identity at this time.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | August 16, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

## II. FACTUAL BACKGROUND

A full recitation of the factual background is set forth in the Court's order of July 23, 2021 (ECF No. 49). Here, the Court recounts only those facts that are pertinent to the present order. Unless otherwise noted, the following factual background is drawn from Plaintiff's complaint:

Non-party United States Private Vaults ("USPV") is a safe deposit box rental company with between 600 and 1000 safe deposit boxes which it rents to hundreds of different customers. Plaintiff rented box number 904 ("Box 904") where Plaintiff kept property—namely, currency. The Government maintains that the box contained $914,700.00.

From March 22, 2021 through March 26, 2021, federal law enforcement agents acting at the direction of the United States Attorney's Office ("USAO") for the Central District of California conducted a search of USPV and seized every safe deposit box contained in the facility, including Box 904. To date, Plaintiff's property remains in the Government's possession.

## III. JUDICIAL STANDARD

Rule 41(g) is ordinarily used to seek return of property after an indictment is issued, however— "district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir.1993). Pre-indictment Rule 41(g) "motions are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Id.*

Where no criminal proceeding is pending against a Rule 41(g) movant, courts consider four factors in deciding whether to exercise equitable jurisdiction under the Rule: whether "(1) the Government displayed a callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the property he wants returned; (3) the movant would be irreparably injured by denying return of the property; and (4) the movant has an adequate remedy at law for the redress of his grievance." *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (quoting *Ramsden*, 2 F.3d at 324–25).

## IV. DISCUSSION

Plaintiff moves under Rule 41(g) for return of all the property that the Government seized from Box 904. The Government rejoins that the Court lacks equitable jurisdiction to hear Plaintiff's Rule 41(g) motion because the $914,700.00 seized from Box 904 is subject to forfeiture, and Plaintiff therefore has an adequate remedy at law. In response, Plaintiff counters that the $914,700.00 is not

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | August 16, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

currently subject to forfeiture proceedings, and further, that Plaintiff's box contained property additional to the $914,700.00 ("the additional property") that the Government does not intend to forfeit.

With regard to the additional property, the Court finds that it may exercise equitable jurisdiction over Plaintiff's Motion because Plaintiff has no other remedy to obtain its return.

Furthermore, the Government has not expressed an intent to forfeit the additional property, nor does the Government make any argument as to why it is reasonable for the Government to continue to seize the additional property. The Court therefore conditionally **GRANTS** Plaintiff's Motion as to the additional property, and **ORDERS** that the Government shall arrange to return the additional property seized from Box 904 to Plaintiff's counsel of record within one week of the issuance of this order (provided that Plaintiff's counsel is able to produce the key to Box 904).

As to the $914,700.00 seized from Box 904, the record before the Court is insufficient to establish whether the Court may exercise equitable jurisdiction over Plaintiff's Motion. The Ninth Circuit has held that a district court may properly decline to exercise equitable jurisdiction over a motion for return of property when a property owner has adequate notice of a pending administrative forfeiture proceeding. *See United States v. Elias*, 921 F.2d 870, 872 (9th Cir. 1990). The Ninth Circuit has also held that, "when a civil forfeiture proceeding has been filed, the claimant has adequate remedies to challenge any fourth amendment violation[,]" and "there is no need to fashion an equitable remedy to secure justice for the claimant." *United States v. U.S. Currency $83,310.78*, 851 F.2d 1231, 1235 (9th Cir. 1988).

In the present case, it is unclear whether the $914,700.00 is currently subject to a pending administrative forfeiture proceeding and whether the Government intends to file a civil forfeiture action against the $914,700.00 within the time limit prescribed by the forfeiture statute. Accordingly, the Court **ORDERS** the parties to provide a joint status report regarding their respective positions on the following issues:

1. Whether the $914,700.00 is currently subject to a pending administrative forfeiture proceeding;
2. Whether the $914,700.00 is currently subject to a pending civil forfeiture proceeding, and;
3. If the $914,700.00 is not currently subject to a civil forfeiture proceeding, when is the Government's deadline to file a civil forfeiture proceeding as to the $914,700.00?

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | August 16, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

The joint status report shall not exceed 10 pages (five pages per side) and Plaintiff shall file it by no later than **August 23, 2021**. The Court **DEFERS RULING** on Plaintiff's Motion as it pertains to the $914,700.00 until after the parties submit their joint status report.

**V.     CONCLUSION**

For the foregoing reasons, the Court conditionally **GRANTS** Plaintiff's Motion in part, and **DEFERS RULING** on Plaintiff's Motion in part.

**IT IS SO ORDERED.**

_____ : _____

Initials of Preparer

_____