Benjamin N. Gluck - State Bar No. 203997
 bgluck@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
 nvandyk@birdmarella.com
Naomi S. Solomon - State Bar No. 321357
 nsolomon@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile:  (310) 201-2110

Attorneys for Plaintiff Charles Coe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARLES COE, | CASE NO. 2:21-cv-03019-RGK (MAR) |
| Plaintiff, | **JOINT STATUS REPORT** |
| vs. | Assigned to Hon. R. Gary Klausner |
| UNITED STATES OF AMERICA; TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY), | Complaint Filed:  April 7, 2021 |
| Defendants. | |

# I.

## INTRODUCTION

On August 16, 2021, the Court ordered the parties to provide a joint status report regarding their positions on three issues:

1.  Whether the $914,700.00 is currently subject to a pending administrative forfeiture proceeding;

2.  Whether the $914,700.00 is currently subject to a pending civil forfeiture proceeding; and

3.  If the $914,700 is not currently subject to a civil forfeiture proceeding, when is the Government's deadline to file a civil forfeiture proceeding as to the $914,700.00?

The parties set out below their respective positions on these issues.

# II.

## PLAINTIFF'S POSITION

**A.   Whether The $914,700.00 Is Currently Subject To A Pending Administrative Forfeiture Proceeding – *No It Is Not***

**1.   The Government never properly commenced administrative forfeiture of Coe's box**

To commence an administrative forfeiture proceeding, the government must send written notice to interested parties within sixty days of seizure.  18 U.S.C. § 983(a)(1)(A).  The Government seized Mr. Coe's property, including the $914,700.00 in currency, on March 22, 2021.  On May 20, 2021, the Government issued a purported forfeiture notice to U.S. Private Vaults ("USPV") for various assets seized from several hundred of the safe deposit boxes held at the USPV facility.  That purported notice included the $914,700.00, identified as Asset ID No. 21-FBI-003084, seized from Mr. Coe's safe deposit box, Box No. 904.  It used the same language that this Court found unconstitutional in *Snitko v. United States*, 2:21-cv-4405-RGK-MAK.

Specifically, on June 22, 2021, this Court held in *Snitko v. United States*, 2:21-cv-4405-RGK-MAK that the "anemic" language of the Government's administrative forfeiture notices issued to the plaintiffs in that case failed to satisfy Due Process and the Court barred the Government from proceeding with an administrative forfeiture based on that notice language. *Snitko*, Dkt. 52, at 5. Mr. Coe notified the FBI and the Government on June 23 of his objection to any administrative forfeiture based on his similarly insufficient notice. The Government never corrected the unconstitutional notice this Court identified. Thus, similar to *Snitko*, there never was any valid administrative forfeiture proceeding against Mr. Coe's $914,700.00. *See generally* Plaintiff's Surreply, Dkt. 44, at 5-6.

**2.     The (defective) administrative forfeiture has long been terminated by filed claims**

Even if there had been a valid administrative forfeiture proceeding against Mr. Coe's property, USPV's and Mr. Coe's claims contesting forfeiture ended any such proceeding two months ago, which means that this Court currently has equitable jurisdiction over the property.

On June 11, 2021, USPV filed a claim in its capacity as bailee for all property seized from its premises, contesting administrative forfeiture of all items listed on the Government's May 20 Notice—including Mr. Coe's 914,700.00, Asset Id No. 21-FBI-003084. Dkt. 37-3. And on June 14, 2021, Mr. Coe submitted a (pseudonymous) claim contesting forfeiture of Asset ID No. 21-FBI-003084 and all other contents of Box No. 904. Dkt. 37-1 at 4. Mr. Coe sent the claim via FedEx, and it was delivered on June 16, 2021. The Government has accepted anonymous claims contesting forfeiture in this case.

These claims terminated any administrative forfeiture proceedings as to Mr. Coe's property, including his currency. *See* Dkt. 37 at 10-11. Mr. Coe thus has no adequate remedy at law for seeking the return of his property, which means this Court has jurisdiction to hear Mr. Coe's motion. *See id.*; *see also Linarez v. U.S.*

*Dep't of Justice*, 2 F.3d 208, 211 (7th Cir. 1993) (where forfeiture proceeding has been commenced, a "district court remains without jurisdiction over the forfeiture *unless an interested party files a claim of interest*.") (emphasis added); *Muhammed v. DEA*, 92 F.3d 648, 652 (8th Cir. 1996) (administrative forfeiture may bar a Rule 41(g) motion "unless the citizen complies with the [agency's] administrative procedures to contest the forfeiture.").

**B.      Whether The $914,700.00 Is Currently Subject To A Pending Civil Forfeiture Proceeding –** *No It Is Not*

As far as Plaintiff is aware, the Government has not filed a civil (judicial) forfeiture proceeding against Mr. Coe's $914,700.00.

**C.      If The $914,700 Is Not Currently Subject To A Civil Forfeiture Proceeding, When Is The Government's Deadline To File A Civil Forfeiture Proceeding As To The $914,700.00? –** *There Is No Deadline*

Because there was no constitutional initiation of an administrative forfeiture action, the § 983(a)(3)(A) deadline by which the Government must file a civil forfeiture proceeding never was triggered.  When the Government seizes property and does not attempt an administrative forfeiture, there is no statutory deadline requiring the filing of a civil judicial forfeiture.  However, had there been a valid administrative forfeiture proceeding in this case, then the deadline for the Government to file a civil forfeiture action or return Mr. Coe's property would be September 9, 2021, *i.e.*, 90 days after the filing of the first claim for Mr. Coe's property as described above.

In short, the Government is holding Mr. Coe's $914,700.00, it never properly commenced an administrative forfeiture proceeding, and it has not filed a civil judicial forfeiture proceeding.  This means that the Court can, and should, exercise jurisdiction in order to give Mr. Coe a forum in which to seek the return of his property.

# III.

## DEFENDANTS' POSITION

Pursuant to the parties' agreement, set forth below is the government's response to plaintiff's opening section of the joint status report (see page 2, line 13 to page 4, line 27), and plaintiff is submitting a reply to the government's response.

**Whether The $914,700.00 In Currency Is Subject To A Pending Administrative Forfeiture Proceeding**

The government refers to its briefing that the initiation of administrative forfeiture proceedings, standing alone, shows that an adequate remedy at law exists and equitable jurisdiction to hear a Rule 41(g) claim does not lie (docket no. 33 at 8:24-9:10;10:15-11:22; docket no. 45 at 7:8-16) and a case (i.e., United States v. 2nd Amendment Guns, LLC, 917 F. Supp. 2d 1120 (D. Or. 2012) (docket no. 33 at 12:1-4; docket no. 38 at 5:1-17; and docket no. 45 at 7:8-16), which shows why equitable jurisdiction does not exist during the 90-day statutory period in 18 U.S.C. § 983(a)(3)(A) & (B), after a claim is filed that thereby precludes the seizing agency from taking any further action, for the government to decide whether to file a judicial forfeiture action against or else release the property.[1]

---

[1] Coe argues Linarez v. U.S. Dep't of Justice, 2 F.3d 208 (7th Cir. 1993) and Muhammed v. DEA, 92 F.3d 648 (8th Cir. 1996) hold that equitable jurisdiction lies once a claim is filed, but those cases are irrelevant since they pre-date the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA")'s adoption, which applies to civil forfeiture cases filed on or after August 23, 2000 (United States v. $80,180.00 in U.S. Currency, 303 F.3d 1182 (9th Cir. 2002)). That is why the CAFRA is not discussed in Coe's cases.  CAFRA added 18 U.S.C. § 983(a)(3)(A) & (B) requiring the government to file a judicial civil forfeiture action within 90 days after a claim is filed.  United States v. $229,850.00 in U.S. Currency, 50 F. Supp. 2d 1171, 1176 (D. Ariz. 2014) ("CAFRA imposed the 90-day deadline for the government to file a complaint set out in 18 U.S.C. § 983(a)(3)(A)").   Before the CAFRA, there was no statutory deadline, after property was seized, to file a judicial forfeiture action.

1    Coe cites the Court's June 22, 2021 ruling in <u>Snitko</u>, arguing the ruling bars

2  the government from concluding the administrative forfeiture based solely on the

3  forfeiture notice when a claim contesting forfeiture is filed, and asserts he made

4  arguments in a sur-reply regarding the ruling's impact on these proceedings.  The

5  government has previously noted that the filing of a claim suspends the

6  administrative forfeiture proceedings, precludes the seizing administrative agency

7  from taking any further actions (including sending out more notices, which Coe

8  would then argue were untimely) relative to those proceedings, and requires the

9  government to either file a judicial forfeiture action within 90 days or else release

10  the property.  The government had no opportunity to respond to Coe's sur-reply

11  argument in the instant case, but has extensively briefed in <u>Snitko</u> and other cases

12  that a seizing agency is not able to forfeit property in administrative forfeiture

13  proceedings where, as here, a claim is submitted, thereby requiring the government

14  to file a complaint that details the factual and legal basis for the forfeiture, in order

15  to conclude a judicial forfeiture of the property.  <u>Snitko,</u> Docket No. 55.

16  **<u>Whether The $914,700.00 Is Currently Subject To A Pending Civil Forfeiture</u>**

17  **<u>Proceeding</u>**

18    The government has not filed a complaint against the $914,700, but intends to

19  do so within CAFRA's 90-day deadline in 18 U.S.C. § 983(a)(3)(A) & (B).

20  **<u>If The $914,700.00 Is Not Currently Subject To A Civil Forfeiture Proceeding,</u>**

21  **<u>When Is The Government's Deadline To File A Civil Forfeiture Proceeding As</u>**

22  **<u>To The $914,700.00?</u>**

23    The government's deadline to file a judicial civil forfeiture proceeding is

24  Monday, September 13, 2021, and the government intends to file a complaint by

25  that date.  90 days after Coe filed his claim June 14, 2021 (which Coe acknowledges

26  the government accepted), is Sunday, September 12, making September 13 the

27

28

deadline.[2]

September 13, 2021 is the deadline for all the currency - - meaning all the "property" that is subject to Coe's action - -  the government seized from Coe's box 904.  In his Complaint and consistently thereafter, Coe has stated that only "currency" was in his box.  Docket No. 1 (complaint ¶ 9 ["[t]his action relates to the search and seizure of Plaintiff's property – namely, currency – contained in safe deposit box no. 904 at U.S. Private Vaults"); docket no. 25-1 Coe's motion to return at 5:3-6 ["[the following facts are not subject to dispute . . . Plaintiff leased Box No. 904 at U.S. Private Vaults . . . The box contained cash only, with no papers or other material that would identify its owner"); docket no. 37-1, Coe oppo. to motion to dismiss at 4:18-20 ("Coe does not agree that his Box, No. 904, contained only the $914,700 listed on the Government's forfeiture notice.  In fact, he asserts that it contained more [currency]")  In his reply on the motion for return of property, Coe argued vaguely that the government commenced administrative forfeiture proceedings against "some" of Coe's property (docket no. 46 at 2:7-8), presumably meaning currency, but Coe still has not specified what "more" currency he contends the government has (which it does not).  Coe could be claiming that, a sum as insubstantial as one additional dollar, was in the box.  Because Coe seeks only the "currency" in this lawsuit, and the government does not have any more currency than the $914,700, there is nothing to return to Coe via his Rule 41(g) claim.

The government has consistently stated that only $914,700.00 in currency

---

[2] Coe argues that USPV filed a claim a few days earlier on June 11 (which would make the deadline September 9), but the government disagrees regarding the validity of USPV's claim.  Docket 41 at 5:20-6:5.  Regardless, if the government does not file a complaint by September 9, Coe has a legal remedy by moving in the judicial forfeiture action to dismiss the Complaint as untimely under the 90 day rule.

was in box 904, and the administrative forfeiture proceedings were commenced May

20 on those funds.  Docket no. 33 at 2:13-18; 4:19-23; docket no. 33-5 at ¶ 2 and

Ex. A; docket nos. 45 at 3:1-7 and 45-1 at 14:14-18.  The government does not

know what else (namely, more currency) Coe claims was within box 904 and seeks

to have returned.[3]  As to any additional funds, a Rule 41(g) claim is improper.  Rule

41(g) does not waive sovereign immunity to allow suits for monetary damages for

property the government does not have, any claim for missing/lost/stolen property

must be brought under the Federal Torts Claims Act (the "FTCA"), 28 U.S.C. §

2671 et seq., for monetary damages and Coe's complaint neither mentions nor

pleads the elements necessary to state a FTCA claim.  Docket 38 at 7:14-28.

"It is axiomatic that the United States may not be sued without its consent and

that the existence of consent is a prerequisite for jurisdiction."  Jachetta v. United

States, 653 F.3d 898, 903 (9th Cir. 2011) (internal quotes and citation omitted).

Thus, "[i]n an action against the United States, in addition to statutory authority

granting subject matter jurisdiction, there must be a waiver of sovereign immunity."

Arford v. United States, 934 F.2d 229, 231 (9th Cir. 1991).  That waiver "cannot be

implied, but must be unequivocally expressed in statutory text."  Jachetta, 653 F.3d

at 903 (internal quotes and citation omitted).

The government cannot return property it does not possess and a plaintiff is

---

[3] On May 14, 2021, the Honorable Paul L. Abrams, U.S. Magistrate Judge, issued a search warrant for box 904, and both the affidavit in support thereof and the warrant were filed publicly.  Case No. 2:21-MJ-02403.  The search warrant commanded officers to search box 904 for evidence of drug trafficking and money laundering, including indicia of ownership or control of the box or its contents, and the box itself and packaging material within it so that they could be forensically tested in an effort to determine who had handled them.  The only items recovered from box 904—in addition to the box itself—were the paper and plastic materials in which the $914,700 found in the box had been wrapped.  These materials, some of which appear to have been written on, cannot be returned to Coe without destroying their evidentiary value in the criminal investigation that began with the search warrant.  The government provided Coe with photographs of the currency and the paper and plastic materials, even though Coe seeks only the return of "currency" in this case. To the extent Coe seeks additional documents or information, Coe has an adequate legal remedy, as Coe can obtain it in the judicial forfeiture case that will be filed by September 13.

barred from seeking monetary damages under Rule 41(g).  <u>Ordonez v. United States</u>, 680 F.3d 1135, 1137–40 (9th Cir. 2012) ("No matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the government's sovereign immunity, money damages are not a permitted form of relief"); <u>United States v. Eames</u>, 524 F. App'x 320 (9th Cir. 2013) (vacating district court's award of money damages and remanding with instructions to dismiss Rule 41(g) movant's claim for compensation for lost coins); <u>Bailey v. United States</u>, 508 F.3d 736, 740 (5th Cir. 2007) (if the government no longer possesses the seized cash, "[claimant's] motion must be denied because the government cannot return property it does not possess, and the doctrine of sovereign immunity bars the award of monetary damages under Rule 41(g)").

   While Rule 41(g) is a vehicle for seeking the return of property, it "does not waive the sovereign immunity of the United States with respect to actions for money damages relating to such property."  <u>Adeleke v. United States</u>, 355 F.3d 144, 151 (2d Cir. 2004); <u>Diaz v. United States</u>, 517 F.3d 608, 613 (2d Cir. 2008) (in Rule 41(g) cases, "[o]nce seized currency has been disbursed and is no longer available . . . a claim for its return is . . . no longer at hand: such claims are jurisdictionally barred by the principle of sovereign immunity"); <u>Kahn v. United States</u>, 2009 WL 2900249 at *3 (S.D.N.Y. Sept. 8, 2009) (where, as here, "property is not available for return for whatever reason, the aggrieved party cannot obtain monetary damages against the United States") (internal quotes and citation omitted).  Further, to establish subject matter jurisdiction under the FTCA, a complaint must allege plaintiff exhausted his administrative remedies, by sending the missing property claim to an administrative agency and that the agency denied the claim, which is a jurisdictional prerequisite for filing suit under the FTCA for monetary damages; without that allegation, a complaint should be dismissed for lack of subject matter jurisdiction. 28 U.S.C. §§ 2672 and 2675(a); <u>Blair v. IRS</u>, 304 F.3d 861, 864-65 (9th Cir. 2002); <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 640 (9th Cir. 1980).

# IV.

## PLAINTIFF'S RESPONSE TO GOVERNMENT'S POSITION

Plaintiff submits on the briefing on the Court's first and second questions.  As to the third question, Plaintiff further responds to the Government's position:

**A.     The Deadline For Filing A Civil Forfeiture**

Plaintiff contends that because no valid administrative forfeiture was ever filed, the deadlines of 18 U.S.C. § 983 have never been triggered.  But if they were triggered, the deadline for filing a civil judicial forfeiture would be September 9, 2021, as Plaintiff stated, and not September 13, 2021, as the Government contends.  USPV filed a claim on behalf of all box holders on June 11, 2021, which initiated the 90-day deadline even before Mr. Coe filed his claim on June 14, 2021.

Second, the Government's discussion of the FTCA and claims for damages is irrelevant and beyond the scope of the Court's requested briefing.  The Government appears to be seeking reconsideration of the Court's August 16, 2021, Order that all "additional property" be returned in seven days.  But tacking this on to the response to the Court's request for a joint report on three specific unrelated questions is inappropriate and Plaintiff asks that the Court disregard it.[4]  The Court's August 16, 2021, Order does not seek briefing on the return of "additional property" and that aspect of the August 16, 2021, Order remains in effect.  On August 23, 2021, before the Government prepared its portion of this submission, counsel informed the Government that Mr. Coe had at least an additional $6,300 in Box 904 besides the $914,700.000 referred to in the Government's defective administrative forfeiture proceeding.

---

[4]    To the extent the Court is inclined to reconsider this issue and desires further briefing, Plaintiff requests that the Court so order and give Plaintiff a chance to brief it properly.

10

Third, as to the Government's assertion about a supposed unsealed search warrant for Box 904, *supra* n.3, Plaintiff points out: (1) it is troubling that the Government litigated the return of "all property" in Box 904 from May through August but neglected to tell the Court or counsel about this supposed warrant governing at least part of the property at issue; and (2) a check on PACER reveals that this supposed warrant for Box 904 *is not* unsealed as the Government contends.[5]

DATED:  August 23, 2021         Respectfully submitted,

Nicole R. Van Dyk
Naomi S. Solomon
Benjamin N. Gluck
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____/s/ Benjamin N. Gluck_____
                    Benjamin N. Gluck
            Attorneys for Plaintiff Charles Coe

---

[5]  Plaintiff's counsel knew nothing of this supposed warrant until reading the Government's portion of this brief the afternoon of this filing.  On the date of this filing, Counsel searched PACER for the case number given by the Government but PACER indicates that this case is sealed.

| Search Clues | | Mobile Query |
| --- | --- | --- |
| Case Number | 2:21-mj-02403 | Judge DUTY. Sealed v. Sealed. The case number entered is the number of an existing SEALED case. |
| | **or search by** | |
| Case Status: | ○ Open   ○ Closed   ○ All | |

Plaintiff objects to the inadmissible factual assertions made by Government counsel.

3743322.5

1

DATED:  August 23, 2021

Tracy L. Wilkison, Acting United States
Attorney
Scott M. Garringer, Assistant United States
Chief, Criminal Division

2

3

4

5

6

By:      /s/ Andrew Brown

Andrew Brown
Victor A. Rodgers
Maxwell Coll
Assistant United States Attorneys

7

8

9

10

Attorneys for Defendants
United States of America, et al.

11

12

13

In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other

14

signatories listed, on whose behalf the filing is submitted, concur in the filing's

15

content and have authorized the filing.

16

DATED:  August 23, 2021

By:      /s/ Benjamin N. Gluck

17

Benjamin N. Gluck
Attorneys for Plaintiff Charles Coe

18

19

20

21

22

23

24

25

26

27

28

3743322.5