Benjamin N. Gluck - State Bar No. 203997
  bgluck@birdmarella.com
Nicole R. Van Dyk - State Bar No. 261646
  nvandyk@birdmarella.com
Naomi S. Solomon - State Bar No. 321357
  nsolomon@birdmarella.com
BIRD, MARELLA, BOXER, WOLPERT, NESSIM,
DROOKS, LINCENBERG & RHOW, P.C.
1875 Century Park East, 23rd Floor
Los Angeles, California 90067-2561
Telephone: (310) 201-2100
Facsimile: (310) 201-2110

Attorneys for Plaintiff Charles Coe

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| CHARLES COE,<br><br>       Plaintiff,<br><br>    vs.<br><br>UNITED STATES OF AMERICA; TRACY L. WILKISON (OFFICIAL CAPACITY), KRISTI KOONS JOHNSON (OFFICIAL CAPACITY),<br><br>       Defendants. | CASE NO. 2:21-cv-03019-RGK (MAR)<br><br>**JOINT RULE 26(f) REPORT**<br><br>Assigned to Hon. R. Gary Klausner<br><br>Complaint Filed: April 7, 2021 |

3743635.2

Pursuant to Fed. R. Civ. P. 26(f), Central District of California Local Rule 26-1, and the Court's May 31, 2021 Order Setting Scheduling Conference (Dkt. 35), Plaintiff Charles Coe and Defendants United States of America; Tracy L. Wilkison (official capacity), and Kristi Koons Johnson (official capacity) submit this Joint Rule 26(f) Report. Counsel for the parties met and conferred on August 10, 2021.

**I.  Statement of the Case**

**A.  Plaintiff's Statement**

Plaintiff Charles Coe leased safe deposit Box No. 904 at U.S. Private Vaults ("USPV"), a business located in Beverly Hills. Box 904 contained only currency. On or around March 22, 2021, federal law enforcement conducted a search of USPV, and agents seized every safe deposit box contained in the facility, including Box 904. Plaintiff, through undersigned counsel, contacted the FBI, submitted a claim through the FBI-created website for USPV box holders, wrote directly to the lead AUSA on the matter (who stated that Plaintiff would need to identify himself by his legal name and submit to criminal investigation), and ultimately was left with no choice but to file the instant lawsuit seeking the return of his currency and injunctive and declaratory relief based on the violations of his Fourth and Fifth Amendment rights.

On May 20, Defendants purported to provide notice—to USPV—of the initiation of administrative forfeiture proceedings for the contents of several hundred safe deposit boxes, including a portion of the currency ($914,700.00) Plaintiff held in Box 904. On June 11, USPV, in its capacity as bailee filed a claim contesting forfeiture of all property seized from its premises, and on June 14, Plaintiff also filed a claim contesting forfeiture of all contents of Box 904. On June 22, this Court held in *Snitko v. United States*, 2:21-cv-4405-RGK-MAK that the government's administrative forfeiture notices issued to the plaintiffs in that case failed to satisfy due process and the Court barred the government from proceeding with an administrative forfeiture based on that notice language. The same language was

used in the notice purporting to initiate administrative forfeiture of the $914,700.00 Plaintiff held in Box 904.  Plaintiff notified Defendants on June 23 of his objection to any administrative forfeiture based on his similarly insufficient notice. Defendants never corrected the unconstitutional notice this Court identified; there thus never was any valid administrative forfeiture proceeding against any portion of the currency Plaintiff held in Box 904.  And even if there were a valid administrative forfeiture proceeding, USPV's and Plaintiff's claims terminated it. Moreover, apart from the $914,700, Plaintiff held more currency—at least $6,300 more—in Box 904.  In this action, Plaintiff seeks return of *all* his property in Box 904, along with declaratory and injunctive relief based on Defendants' violations of his constitutional rights.

      **B.**    **Defendants' Statement**

Coe has filed a complaint/Rule 41(g) motion for return of property contesting the validity of the government's inventory search.  According to information provided by Coe on August 23, 2021, Coe seeks the return of $6,370, which he claims the government seized from box 904, plus an additional $914,700 that is the subject of administrative forfeiture proceedings.  The government intends to file a judicial civil forfeiture complaint against the funds in the box.  The judicial forfeiture complaint, like the affidavit submitted by the government in response to movants' motion for return of property, shall set forth the information in the affidavit, plus additional details concerning the facts that support the forfeiture under the relevant aggregate of the facts test, as well as the legal basis that supports the forfeiture of the funds.  In addition, the information in the search warrant affidavit will likewise provide facts that support the forfeiture of the property.

**II.**    **Legal Issues**

      **A.**    **Plaintiff's Statement**

The primary legal issues in this case are (1) whether the government may, without individualized probable cause, seize and refuse to return an individual's

property unless the individual submits to investigation and surrenders his Fifth Amendment rights; (2) whether an administrative forfeiture action is valid in the absence of adequate notice to interested parties of the asserted grounds for forfeiture, in violation of the interested parties' due process rights; and (3) whether Plaintiff is entitled to the full amount of his property under Fed. R. Crim. P. 41(g) or as a remedy for the government's violations of Plaintiff's constitutional rights.

### B. Defendants' Statement

The legal issues in this case include whether Plaintiff has the right to the return of property in this case, which the government now understands includes the $914,700.00 seized, plus an additional $6,360 Coe asserts was also included within Box 904.

## III. Damages

Plaintiff has no pending claims for damages. Plaintiff reserves the right to request reasonable attorneys' fees, costs, and disbursements incurred in association with this action, including pre-judgment interest thereon, as well as any other legal or equitable relief that the Court deems just and proper. Plaintiff additionally reserves the right to amend this response as discovery proceeds and additional information becomes available.

## IV. Insurance

Plaintiff is not aware of any insurance policy applicable to this case.

## V. Motions

On July 23, 2021, the Court denied Defendants' motion to dismiss, and deferred ruling on the government's argument regarding whether equitable jurisdiction lies to hear Coe's Rule 41(g) claim. (Dkt. No. 49). On August 16, the Court granted in part and deferred ruling in part on Plaintiff's Rule 41(g) motion for return of property (Dkt. No. 51). Further motions are likely to depend on the Court's ruling on Plaintiff's Rule 41(g) motion, as well as further developments in this and related cases. The government may file a motion for judgment on the

pleadings for lack of subject matter jurisdiction as to the additional $6,360 Coe claims was in Box No. 904, pursuant to Fed. R. Civ. P. 12((h)(3) and 12(c).

## VI. Complexity

While the issues in this case are complex, the parties agree that there is no need to use the Manual for Complex Litigation.

## VII. Status of Discovery

On July 7, 2021, Plaintiff served discovery requests on Defendants. On August 11, Defendants served Plaintiff with objections to Plaintiff's discovery requests, noting that the discovery was served in violation of Local Rule 26(f).

## VIII. Discovery Plan

<u>Initial disclosures</u>: Plaintiff served his initial disclosures on Defendants on August 23, 2021. Defendants will serve their initial disclosures on Plaintiff on August 24, 2021.

<u>Anticipated subjects of discovery</u>: Plaintiff anticipates seeking discovery—and has propounded discovery requests—on at least the following topics:

(1) Facts demonstrating that Defendants did not have probable cause to search and seize his property in Box 904 in the first instance and do not have probable cause for continuing to retain it.

(2) Facts demonstrating that Defendants did not have sufficient legal grounds on which to initiate administrative forfeiture proceedings against currency seized from Box 904.

(3) Facts demonstrating that Defendants did not purport to file administrative forfeiture proceedings against all the property they seized from Box 904.

(4) Facts demonstrating that the only property in Box 904 was currency and its wrappers.

Discovery conducted by defendants would focus on the issues raised by plaintiff's complaint.

<u>Time needed for discovery</u>:  The parties jointly propose that fact discovery close on February 25, 2022.

Plaintiff anticipates conducting between 10 and 25 depositions, depending on the information obtained in the course of discovery.

Plaintiff intends to serve requests for production, interrogatories, and requests for admission, in addition to those he already has served.

The government reserves the right, as appropriate, to conduct discovery on issues raised in this action.

<u>Issues relating to electronically stored information ("ESI")</u>:  The parties plan to negotiate an agreement setting forth a specific ESI protocol, if needed, at the appropriate time.

<u>Issues related to privileged materials</u>:  The parties plan to discuss issues related to privilege as they arise, including Defendants' assertion of privileges in response to Plaintiff's discovery requests.

<u>Changes to limitations on discovery</u>:  The parties agree that no change to the presumptive limitations on discovery under the applicable rules should be made at this time, but the government reserves the right to make requests for limitations, as appropriate, in the future.  The parties propose that, to the extent a party believes discovery is warranted beyond the presumptive limitations provided for under the applicable rules, that party should confer with the opposing side and raise its request with the Court as needed at the appropriate time.

<u>Issues related to protective orders</u>:  Plaintiff does not anticipate the need for a protective order in this case unless Defendants propound discovery requests that seeks to force Plaintiff to surrender his constitutional rights.  The government believes that a protective order may be necessary, as appropriate, depending upon the discovery at issue.

<u>Other Rule 16(b) or 16(c) issues</u>:  The parties will meet and confer on stipulations that may advance the litigation.

## IX. Expert Discovery

At this time, Plaintiff has not identified an expert, but may do so prior to the disclosure deadline. The government may have an expert in this case, but understands that the Court does not set different discovery cut off dates for expert and percipient witness discovery.

## X. Dispositive Motions

Depending on developments in the case, the parties would anticipate filing motions for summary judgment on the legal issues identified above. The parties propose that the last date for hearing any summary judgment motions would be Monday, April 26, 2022 (approximately 8 weeks after the proposed discovery cut-off date).

## XI. Alternative Dispute Resolution

The parties do not believe that alternative dispute resolution would provide an adequate forum for resolving this dispute.

## XII. Settlement Efforts

The parties have engaged in substantial, good faith efforts to resolve this dispute, but have been unsuccessful. The parties request that the matter be assigned to the Magistrate Judge assigned to this case, for purposes of holding the required ADR proceeding.

## XIII. Preliminary Trial Estimate

The parties anticipate that any trial in this case (more likely, an evidentiary hearing in connection with Fed. R. Crim. P. 41(g)) would last two to three days.

## XIV. Trial Counsel

Plaintiff's trial counsel is Benjamin N. Gluck, Nicole R. Van Dyk, and Naomi S. Solomon. Defendants' trial counsel is Andrew Brown, Victor A. Rodgers and Maxwell Coll.

## XV. Independent Expert or Master

The Parties do not anticipate the need for an Independent Expert or Master.

Plaintiff has offered—and Defendants have rejected—that a Special Master or Taint Team could be brought in to confirm that Plaintiff is the owner of the contents of Box 904 (although Plaintiff asserts that his ownership can be conclusively determined by his possession of the only keys to Box 904 and through the biometric access USPV set up).

### XVI. Other Issues

Plaintiff anticipates that when the government files a judicial forfeiture action against the $914,700.00 it seized from Box 904, it will again seek dismissal of this case based on a claim that the Court lacks equitable jurisdiction over the matter. However, as Plaintiff has informed Defendants and the Court, Plaintiff held at least an additional $6,300 in Box 904, and, in addition to the return of *all* property held in Box 904, Plaintiff seeks declaratory and injunctive relief based on Defendants' violations of Plaintiff's Fourth and Fifth Amendment rights. Defendants have no additional other issues to raise.

DATED: August 24, 2021

Benjamin N. Gluck
Nicole R. Van Dyk
Naomi S. Solomon
Bird, Marella, Boxer, Wolpert, Nessim,
Drooks, Lincenberg & Rhow, P.C.

By: _____*/s/ Nicole R. Van Dyk*_____
Nicole R. Van Dyk
Attorneys for Plaintiff Charles Coe

DATED: August 24, 2021

    Tracy L. Wilkison, Acting United States Attorney
    Scott M. Garringer, Assistant United States
    Chief, Criminal Division

By:     */s/*
    Andrew Brown
    Victor A. Rodgers
    Maxwell Coll
    Assistant United States Attorneys

    Attorneys for Defendants
    United States of America, et al.

In compliance with Local Rule 5-4.3.4(a)(2)(i), I hereby attest that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 24, 2021

By:     */s/ Nicole R. Van Dyk*
    Nicole R. Van Dyk
    Attorneys for Plaintiff Charles Coe