UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | September 1, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | | |
|---|---|---|---|
| Jennifer Graciano | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:** (IN CHAMBERS) Order Re: Plaintiff's Motion for Return of Property Pursuant to Fed. R. Crim. P. 41(g) [DE 25]

## I.  INTRODUCTION

The Court is in receipt of the Joint Status Report ("JSR") filed by the parties on August 24, 2021 (ECF No. 53). The Court ordered the parties to file such a report to further address the question of whether the Court has jurisdiction over Plaintiff Charles Coe's Motion for Return of Property. Having read and considered the JSR, the Court **GRANTS** in part and **DENIES** in part Plaintiff's Motion.

## II.  FACTUAL BACKGROUND

A full recitation of the factual background is set forth in the Court's Orders of July 23, 2021 (ECF No. 49) and August 16, 2021 (ECF No. 51).

## III.  JUDICIAL STANDARD

Rule 41(g) is ordinarily used to seek return of property after an indictment is issued, however— "district courts have the power to entertain motions to return property seized by the government when there are no criminal proceedings pending against the movant." *Ramsden v. United States*, 2 F.3d 322, 324 (9th Cir.1993). Pre-indictment Rule 41(g) "motions are treated as civil equitable proceedings, and, therefore, a district court must exercise 'caution and restraint' before assuming jurisdiction." *Id.*

Where no criminal proceeding is pending against a Rule 41(g) movant, courts consider four factors in deciding whether to exercise equitable jurisdiction under the Rule: whether "(1) the Government displayed a callous disregard for the constitutional rights of the movant; (2) the movant has an individual interest in and need for the property he wants returned; (3) the movant would be irreparably injured by denying return of the property; and (4) the movant has an adequate remedy at law for the redress of his grievance." *United States v. Kama*, 394 F.3d 1236, 1238 (9th Cir. 2005) (quoting *Ramsden*, 2 F.3d at 324–25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | September 1, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

**IV.    DISCUSSION**

Plaintiff moves under Rule 41(g) for return of all the property that the Government seized from Box 904. In opposition, the Government argues that the Court lacks equitable jurisdiction to grant Plaintiff equitable relief under Rule 41(g) because the $914,700.00 seized from Box 904 is subject to forfeiture, and Plaintiff therefore has an adequate remedy at law. In response, Plaintiff counters that the $914,700.00 is not currently subject to forfeiture proceedings, and further, that Plaintiff's box contained property additional to the $914,700.00 ("the additional property") that the Government does not intend to forfeit. The Court addresses the parties' arguments concerning the additional property before turning to the $914,700.00 seized from Box 904.

    **A.    The Additional Property**

In the JSR, Plaintiff asserts that the additional property is comprised of $6,300. (JSR at 10). The Government rejoins that "the [G]overnment does not have any more currency than the $914,700[ and that] there is nothing to return to Coe via his Rule 41(g) claim." (*Id.* at 7). To the extent that the Government is currently seizing funds taken from Box 904 in excess of the amount the Government seeks to forfeit, *i.e.* $914,700, the Court **GRANTS** Plaintiff's Motion as to this additional property, and **ORDERS** that the Government shall arrange to return the additional property seized from Box 904 to Plaintiff's counsel of record within one week of the issuance of this order (provided that Plaintiff's counsel is able to produce the key to Box 904).[1] If, however, the Government does not possess any additional property, for whatever reason, Plaintiff lacks standing to obtain relief for the loss of such property via a Rule 41(g) Motion. Rule 41(g) "provides a mechanism by which any person may seek to recover property seized by federal agents. The Rule states that if a motion to return property is granted, 'the court must return the property to the movant.'" *Ordonez v. United States*, 680 F.3d 1135, 1137 (9th Cir. 2012) (quoting Fed. R. Crim. P. 41(g)). But "[n]o matter how compelling the circumstances, because Rule 41(g) contains no express and unequivocal waiver of the [G]overnment's sovereign immunity, money damages are not a permitted form of relief." *Id.* at 1140.

    **B.    The $914,700.00 Seized from Box 904**

As to the $914,700.00 seized from Box 904, applying the four-factor test set forth in *Kama*, the Court declines to exercise equitable jurisdiction over Plaintiff's Motion.

---

[1]    Also seized from Box 904 "were the paper and plastic materials in which the $914,700[.00] found in the box had been wrapped." (JSR at 8). The Government need not return this property to Plaintiff because (1) Plaintiff has not specified this as the property sought to be returned, and (2) the paper and plastic wrappers are currently being used as evidence in an ongoing criminal investigation. (*See id.* at n.3).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | September 1, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

First, Plaintiff has failed to show that the Government's continued seizure of the $914,700.00 demonstrates a callous disregard for Plaintiff's constitutional rights. On May 14, 2021, the Honorable Paul L. Abrams issued a warrant for the seizure of the contents of Box 904 and a copy of the warrant appears on the public docket. (Case No. 2:21-mj-02403, ECF No. 3). The Court declines to entertain Plaintiff's collateral attack on the sufficiency of that warrant by holding that the Government's seizure of Box 904, which was expressly permitted by the warrant, violated Plaintiff's constitutional rights.

The second factor, whether the movant has an individual interest in and need for the property he or she wants returned, is neutral here. Although Plaintiff may have an interest in the $914,700.00 if it was legally obtained, Plaintiff has no such interest if the $914,700.00 is contraband. Moreover, Plaintiff has made no showing that he has a specific need for the property. *Cf. Snitko v. United States*, Case No. 2:21-CV-04405-RGK-MAR, 2021 WL 3139706, at *5 (C.D. Cal. July 23, 2021) (entering preliminary injunction in favor of Rule 41(g) movant in related case where movant established a likelihood of irreparable harm because he "need[ed] the [seized] money to pay for medical care and food.").

Third, Plaintiff has not established that Plaintiff would be irreparably injured by an order denying return of the property. Plaintiff's sole argument as to this factor is that "Plaintiff will be permanently deprived of his possessions unless the Government returns them." (Motion at 16). But the Government concedes that it must either (1) return the $914,700.00 to Plaintiff, or (2) file a judicial forfeiture action as to the $914,700.00 by no later than September 13, 2021. (JSR at 6–7) ("90 days after Coe filed his claim [on] June 14, 2021 (which Coe acknowledges the government accepted), is Sunday, September 12, making September 13 the deadline."). Thus, come hell or high water, by September 13 Plaintiff will either have the $914,700.00 returned or be able to obtain the return of the $914,700.00 by successfully litigating a civil forfeiture action filed by the Government.

Fourth and finally, if Plaintiff's property is not returned by September 13, 2021, Plaintiff will have an adequate remedy at law. Plaintiff filed a claim with the FBI in the context of the FBI's administrative forfeiture proceeding, which triggered the Government's 90-day window to either file a judicial forfeiture proceeding or return the property. If the Government timely initiates a judicial forfeiture proceeding, Plaintiff can appear in that proceeding as a claimant and the Government will be required to prove by a preponderance of the evidence that the $914,700.00 is subject to forfeiture. Accordingly, the Court concludes that Plaintiff has an adequate remedy at law.

In summary, because the factors laid out in *Kama* weigh in the Government's favor, the Court declines to exercise equitable jurisdiction over Plaintiff's Motion for return of property as it pertains to the $914,700.00. The Motion is therefore **DENIED** as to the $914,700.00.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:21-cv-03019-RGK-MAR | Date | September 1, 2021 |
|---|---|---|---|
| Title | *Charles Coe v. United States of America et al* | | |

### V.     CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion as to the $914,700.00 and the paper and plastic materials in which the $914,700.00 found in Box 904 were wrapped, and **GRANTS** Plaintiff's Motion as to any additional property that was seized from Box 904 and is currently in the Government's possession.

One claim remains pending in this case: Plaintiff's second claim for "unlawful search and seizure in violation of Fourth and Fifth Amendments."

**IT IS SO ORDERED.**

|  | : | 00 |
|---|---|---|
| Initials of Preparer | | JGR |